CATLETT *v.* RAILWAY COMPANY.

Opinion delivered March 18, 1893.

1. *Negligence of railway—Trespasser stealing a ride on train.*
    A railway company is not bound to keep a lookout to prevent boys from swinging on the ladders of its slowly moving trains, and its failure to do so is not negligence rendering it liable for injuries to a small boy who attempts to steal a ride in that manner.

2. *Jury trials—Directing verdict for defendant.*
    In jury trials where the evidence is not legally sufficient to sustain a verdict for plaintiff, it is the duty of the court to so declare the law. If the whole case appears to have been de-

veloped, a verdict for the defendant should be directed ; if it is probable that the missing link in the evidence can be supplied, plaintiff should be permitted to take a non-suit.

Appeal from Cross Circuit Court.

JAMES E. RIDDICK, Judge.

Alsey Catlett, a boy eleven years of age, by his father as next friend, sued the St. Louis, Iron Mountain & Southern Railway Company, to recover damages for injuries sustained by falling from a moving freight train. The accident happened near the town of Wynne. There is a heavy grade on defendant's road, beginning at or near the town of Wynne, and extending east about one mile. Freight trains ascending this grade are unable to move except at such a slow rate of speed that persons could take hold and climb on. An ordinance of the town of Wynne prohibited boys from climbing on moving trains. A number of witnesses testified that it was the custom of the boys of the town to ride on the train to the top of the hill. They avoided the ordinance by climbing on just outside the corporate limits.

Plaintiff, although he had been repeatedly warned by his parents not to climb up on the moving trains, and had been punished once or twice for disobeying them in this regard, had been accustomed to stealing rides in this way. On the day of the accident plaintiff attempted to catch the lower round of the ladder on the side of a box car, missed the ladder, caught a strap, and was jerked under the moving wheels. One foot was cut off, and a part of two toes of the other foot. No one in charge of the train saw plaintiff attempt to get on, or knew anything of the accident at the time. There was evidence that the trainmen knew that the boys were in the habit of stealing rides on the trains at this place. Sometimes they paid no attention to the boys while riding ; at other times they made them get off.

The court declared the law as follows :

" The view that I take of this case will render it unnecessary to consider the instructions asked. In actions of this kind for personal injury, to entitle plaintiff to recover, it must appear that the negligence of the defendant was the proximate cause of the injury. To hold the defendant liable in this case, I think there must have been some negligence on the part of the persons operating that particular train that injured Alsey Catlett. Now, Alsey Catlett was not upon the track, either in front or behind the train. He attempted to board it from the side. There is no evidence tending to show that any person in charge of the train saw him at the time, or knew that he intended to make such an attempt. To hold the defendant responsible for his injury I should have to hold that the train men were bound to keep a lookout to prevent persons from attempting to board the train, and that their failure to do so was negligence. I do not think that the law imposes any such duty upon persons in charge of a train. The men in charge of this train were simply operating it as under the law they had a right to do, and there is nothing in the evidence tending to show negligence on their part, and nothing to submit to the jury."

The court thereupon said to plaintiff's counsel :

" I will give you your choice of taking a non-suit, or I will direct a verdict for the defendant." Plaintiff declined to take a non-suit, and the court thereupon instructed the jury to find for the defendant, which was done. Plaintiff has appealed.

*N. W. Norton* for appellant.

The defendant is liable upon two grounds : 1. The slow moving train was dangerous machinery and attractive to children, and thereby it became the duty of the company to keep children away, with a vigilance pro-

portioned to the attraction. 2. While the boys were trespassers, it was well known to all the train men that they would be found there, and this being true, they were discovered trespassers. 49 Ark, 257; 28 N. E. Rep. 1054; 50 N. W. 407. The question of negligence should have been submitted to the jury. 17 Wall. 665; 2 Thomps. Neg. 1236; 1 S. W. Rep. 865; 75 Mo. 653; 2 So. Rep. 178; 30 N. E. Rep. 597; 51 N. W. Rep. 1047; 18 N. E. Rep. 346; 37 Fed. Rep. 54. The court erred in finding as matter of law, that there was no evidence of negligence.

*Dodge & Johnson* for appellee.

Under the evidence introduced, it was proper for the court, after giving plaintiff a right to take a non-suit which he declined, to instruct the jury to find for the defendant. Had the jury found for plaintiff, it would have been the *absolute duty* of the court to set the verdict aside. If there is any evidence of *any* fact that will justify a verdict, how muchsoever the evidence may preponderate to the contrary, then it must go to the jury. But, where there is no evidence, then, as matter of law, there is nothing to go to the jury, and it is the duty and province of the judge to say so. 27 A. & E. R. Cas. 231; 37 Ark. 193; *ib.* 499; 5 *id.* 76; 14 *id.* 708; 8 C. B. (N. S.), 568; 59 Ia. 194; 71 Md. 590; Wharton on Neg. sec. 421; Sh. & Redf. on Neg. sec. 11.

**1. Duty of railway to trespasser.** COCKRILL, C. J. A railway company is not bound to keep a lookout to prevent boys from swinging on the ladders of its moving freight trains; and its failure to do so is not negligence. *Bishop* v. *Union R. Co.* 14 R. I. 314; *C. B. & Q. Ry.* v. *Stumps*, 69 Ill. 409; *St. Louis, etc. R. Co.* v. *Ledbetter*, 45 Ark. 246; *Hestonville Ry.* v. *Connell*, 88 Pa. St. 520.

If boys have stolen rides in that way at a given point without remonstrance from the company's trainmen,

that fact does not amount to an invitation to do so on another occasion. The boy who attempts it is a trespasser, and the company owes him no duty save not to injure him wantonly. *Daniels* v. *N. Y. & N. E. Ry.* 28 N. E. Rep. (Mass.), 283 ; *Morrissey* v. *Ry.* 126 Mass. 377 ; *Wright* v. *Ry.* 142 *id.* 296 ; *Rodgers* v. *Lees*, 140 Pa. St. 475, and cases cited ; *Shelton* v. *Ry.* 60 Mo. 412 ; *Duff* v. *Ry.* 91 Pa. St. 458 ; *Chicago etc. R. Co.* v. *Smith*, 46 Mich. 504.

The appellant argues that a slow moving train is "dangerous machinery," alluring to boys ; and that it is therefore negligent of the company to fail to take precaution to keep them off such trains. That is the argument made to sustain a class of cases known as the "Turn-table Cases," the leading one of which is *Railroad Co.* v. *Stout*, 17 Wall. 657. The doctrine of those cases ∨ has been much criticised and doubted, and by some courts repudiated. See *Daniels* v. *N. Y. & N. E. Ry.* 28 N. E. Rep. *sup.;* Patterson, Ry. Accident Law, sec. 196. Whatever its merits may be, it has never been extended to such length as to control a case like this. See *Bishop* v. *Union R. Co.* 14 R. I. *sup.;* *Shelton* v. *Ry.* 60 Mo. *sup.*

The youth of the person injured will sometimes excuse him from concurring negligence, but no amount of youthful recklessness can supply the place of proof of negligence on the part of a defendant sought to be charged on account of negligence. Patterson's Ry. Accident Law, sec. 75.

There was no proof of negligence on the part of the company. There was therefore nothing for the jury to consider. The court so informed the plaintiff when the evidence was all in, and gave him the opportunity to take a non-suit, but he elected to stand upon the legal sufficiency of his proof, and the court directed a verdict for the defendant.

2. Power of court to direct verdict.

The constitution provides that "judges shall not charge juries with regard to matters of fact, but shall declare the law." Art. 7, sec. 23.

This provision shears the judge of a part of his magisterial functions, but it confers no new power upon the jury. It was the jury's province before this provision was ordained to pass only upon questions of fact about which there was some real conflict in the testimony, or where more than one inference could reasonably be drawn from the evidence.

The constitution has not altered their province. It commands the judge to permit them to arrive at their conclusion without any suggestion from him as to his opinion about the facts. As Judge Battle expressed it in *Sharp* v. *State*, 51 Ark. 155, "the manifest object of this prohibition was to give the parties to the trial the full benefit of the judgment of the jury, as to facts, unbiased and unaffected by the opinion of judges." If there is no evidence to sustain an issue of fact, the judge only declares the law when he tells the jury so.

"The legal sufficiency of proof, and the moral weight of legally sufficient proof are very distinct in legal idea. The first lies within the province of the court, the last within the province of the jury." *Wheeler* v. *Schroeder*, 4 R. I. 383. It was said in the case of the *L. R. & Ft. Ry.* v. *Henson*, 39 Ark. 419, that this provision prohibited the judge from directing a verdict for either party, but the other decisions of the court show that the rule there announced is limited to cases where there is some evidence to sustain the issue. Before and after that case was decided, the court, through Chief Justice English, said the practice of directing a verdict was improper "except in cases where there is no evidence to sustain the cause of action, or defense, and the court can say so as matter of law, it being the province of the jury to judge of the facts, and of the court to declare the law."

*Overton* v. *Matthews*, 35 Ark. 155; *L. R. & Ft. S. Ry.* v. *Barker*, 39 *ib.* 499.

In *Jones* v. *State*, 52 Ark. 347, it was said the trial judge should in no case indicate an opinion as to what the facts establish, but that the court must necessarily determine whether there is any evidence at all to establish a given fact in deciding whether a request for a charge based upon a case hypothetically stated should be given or not.

In *Cline* v. *State*, 51 Ark. 140, it was ruled that the provision of the constitution did not prohibit the judge from telling the jury that a certain fact was proved when it was in effect admitted by the parties, or there was no evidence to contradict it and nothing from which a different inference could be drawn.

In *L. R. & Ft. Smith Ry.* v. *Perry*, 37 Ark. 193, Judge Eakin, for the court, said: "If there is any evidence whatever, however slight, pertinent to the issue, it should not be taken from the jury, even if the court is satisfied that it would grant a new trial if a verdict were found upon it;" and he said that was the effect of the former rulings of this court. But the same learned judge, in the case of *Oliver* v. *State*, 34 Ark. 639, explained that the scintilla doctrine has never prevailed in this State. We take it, therefore, that "any evidence however slight" as used by him, does not mean a scintilla merely.

In *Richardson* v. *State*, 47 Ark. 567, Judge Smith says: "It is the duty of the trial court to set aside a verdict which is clearly against the weight of the evidence," and that injunction cannot be too often repeated; for, as he further explains, when the questions of fact reach us, we do not undertake to revise the discretion of the circuit judge in that respect, but enquire merely whether there is a failure of proof on a material point. That is the marked distinction between the duty resting

upon the trial and the appellate courts.   To ascertain whether there is a failure of proof, or whether the evidence is legally sufficient to warrant a verdict, the test is as follows : After drawing all the inferences most favorable to the verdict that the evidence will reasonably warrant, is it sufficient in law to sustain the verdict ?

The terms, "some evidence," "any evidence," "any evidence whatever" and "any evidence at all," as used in the opinions, all mean evidence legally sufficient to warrant a verdict.   The legal sufficiency of evidence in that sense is a question of law, and the court must decide it, it matters not when or how it arises.   The test that is applied by this court in determining the legal sufficiency of the evidence to sustain a verdict justified the trial court in reaching the conclusion that there was no proof of negligence.   The conclusion followed as matter of law that no recovery could be had, upon any view that could be taken of the facts which the evidence could be said to tend to establish.   The question of negligence was therefore one of law for the court to decide. *T. & P. Ry.* v. *Cox,* 145 U. S. 593 ; *Grand Trunk Ry.* v. *Ives,* 144 *id.* 408.

As the evidence is not legally sufficient to sustain a verdict for the plaintiff, the jury had no duty to perform, and it was the judge's duty to tell them so, as he did.

When the whole case appears to have been developed—that is, the plaintiff has adduced evidence tending to prove all the facts obtainable to sustain his complaint— and the undisputed evidence is so conclusive that this court would be compelled to reverse the judgment based upon a verdict in his favor, the court should withdraw the case from the jury, and direct a verdict for the defendant.   That was the condition of this case.   If it is probable in any case that the missing link can be supplied, a non-suit would be the proper practice.

When a judgment is reversed in this court because of no evidence to sustain the verdict, and the cause appears to have been fully developed, it has grown to be the practice, since the act of April 14th, 1891, to dismiss the suit, instead of remanding the cause for a new trial. It is the duty of the courts to prevent parties from being harassed by suit after it appears that the suit can be of no profit to the plaintiff.

Affirm.