HOWARD M. WILSON, *a Minor, etc.*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

No. 12,898.   (71 Pac. 282.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Trespasser.* As a general rule, a railroad company owes no duty to trespassers who jump on and off its moving trains for the purpose of stealing rides, except not recklessly or wantonly to injure them after their peril is discovered.

2. ——— *Boy Twelve Years Old Held Responsible.* An intelligent boy, twelve years of age, who was familiar with the running of railroad-trains, and who knew and appreciated the danger of getting on and off a moving train, climbed upon a slow-moving train and was injured while getting down from one car and attempting to climb upon another. *Held*, that he was a conscious trespasser and responsible for his own negligence and injury.

3. ——— *Previous Experience not an Invitation.* The fact that the plaintiff and other boys had previously jumped on and off the cars of the company, without remonstrance from the employees of the company, did not amount to an invitation from the company to plaintiff to hop on and off its moving trains thereafter, nor make the company liable for an injury resulting from such reckless conduct.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge.   Opinion filed January 10, 1903.   Affirmed.

*H. G. Pope*, and *L. F. Bird*, for plaintiff in error.

*A. A. Hurd*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover for personal injuries. Howard M. Wilson, a bright, intelligent boy, about twelve years of age, climbed upon a freight-train consisting of about twenty cars, belonging to the Atchison, Topeka & Santa Fe Railway Company, which was slowly moving up a hill near Lansing. He and a companion began near the front end of the train and jumped on and off several times while it was in motion. He passed over the top of a car to the other side of the train and dropped off that car, and undertook to mount another one near the end of the train, and some way missed connection, with the result that the car ran over his foot and crushed it. It appears that he, as well as other boys of the community, frequently hopped on and off the cars as they went up the incline, and that he had practiced it for a period of about four years before the time of his injury. While he was crossing over a car he saw a brakeman on top of the train about two car lengths from him, who looked toward him and smiled, but said nothing, and no one ordered him or his companion to leave the train. Upon a demurrer to the evidence the court took the case from the jury, and gave judgment against the plaintiff for costs.

The evidence in the record shows this to be a clear case of contributory negligence. The plaintiff was a conscious trespasser, and, while he was a minor, the testimony shows beyond dispute that he was familiar with moving cars and had sufficient intelligence and experience to understand the peril to which he ex-

posed himself.   The case of *A. T. & S. F. Rld. Co. v. Todd*, 54 Kan. 551, 38 Pac. 804, was an action to recover damages for the death of a boy about ten years old, who was killed while playing in the yard of a railway company.   The boy there, as here, understood and appreciated the danger to which he was exposed, and it was held that, being in a place where the company had the exclusive use of the tracks, and a trespasser, the only duty the railroad company owed him was not recklessly or wantonly to injure him.

In *A. T. & S. F. Rld. Co. v. Plaskett*, 47 Kan. 112, 27 Pac. 824, it was ruled that the railroad company was not bound to keep a lookout for children climbing on or under moving trains when passing through a city, and so here the railway company was not required to employ trainmen to keep boys from jumping on and off its moving trains, and the fact that boys had previously done so cannot be regarded as an invitation to the plaintiff to ride, nor relieve him from the consequences of his own negligence.

It is contended that a slow-moving train is an attractive and alluring object to children, and that it was the duty of the railroad company to take precautions to keep them off.   This was an ordinary freight-train, operated in the usual way, and the cars composing the train were almost as common and familiar to people as farm wagons.   The plaintiff invokes the doctrine of what is known as the turntable cases, in which railroad companies were required to keep turntables located in public places where children are wont to go and play so securely locked or fastened that children could not turn them and thereby injure themselves.   While that doctrine is recognized in Kansas, we have no disposition so to extend it as to include railway-trains.   They pass and repass through

every community with such frequency, the peril of jumping upon and from moving trains is so well understood, and the task of keeping boys from stealing rides and hopping upon cars of trains slowly moving through towns or railroad yards, is so impracticable and burdensome as to make the rule invoked inapplicable.

So to guard trains as to keep boys entirely away from them would require a host of employees, and fix a standard of responsibility which has never received countenance in this state. Such a standard of duty and responsibility cannot be invented and applied by the court without legislation, and the legislature, instead of requiring railroad companies to provide guards to keep boys from jumping upon moving trains and stealing rides, has declared such action on their part to be a misdemeanor, punishable to the extent of imprisonment for thirty days or a fine of twenty-five dollars, or by both such fine and imprisonment. (Gen. Stat. 1901, §§ 2414–2416.) The fact that a slow-moving train may be a temptation to boys to mount and ride cannot be regarded as an invitation by the railroad companies to do so, and the boy who goes upon such a train without invitation or right is a trespasser, and the extent of the duty of the company toward him is not to injure him wantonly or recklessly.

Apart, however, from the alleged negligence of the railway company, it is clear that the plaintiff was guilty of contributory negligence, which is sufficient of itself to defeat a recovery. Although a minor, he was bound to use the reason he possessed and to exercise the degree of care of which he was capable. The testimony all conduces to show that he was familiar with moving trains, and that the danger to which he was exposed was as well known to a boy of

his age, intelligence and experience, as to any one else. In *Bess v. Railway Co.*, 62 Kan. 299, 62 Pac. 996, this court said :

"Courts must look at the capacity, natural and acquired, of him whose conduct is under scrutiny, and if it clearly appears from the evidence that the child had a capacity for self-protection which it culpably omitted to use in face of a danger which it knew and sufficiently appreciated, then no question is left for the jury to pass on concerning the contributory negligence of the person charged with it. The court ought not to be required to release its grasp on the facts presented to a jury, nor be hampered in applying its intelligence to their probative force, in a case where it manifestly appears that negligence contributing to an injury which is the subject of the action proceeds from a person, though under age, who has ample capabilities to make him apprehensive of threatened harm, and who, at the same time, is possessed with sufficient physical strength to avoid it." (See, also, *C. B. U. P. Rld. Co. v. Henigh, Adm'r*, 23 Kan. 347, 33 Am. Rep. 167 ; *Handley v. Railway Co.*, 61 id. 237, 59 Pac. 271.; *Powers v. Railway Company*, 57 Minn. 332, 59 N. W. 307.)

From the view taken, it is clear that no error was committed in excluding testimony or in sustaining the demurrer to plaintiff's evidence. The judgment of the trial court will be affirmed.

All the Justices concurring.