OMER H. MENDENHALL, *a Minor, etc.*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

**No. 13,018.** (71 Pac. 846.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Trespasser.* One who pays a brakeman on a passenger-train a sum of money to be carried to a certain point, and is told to ride upon the platform of the baggage-car and get off the train at all stops and keep out of sight, and who follows such instructions, is not a passenger.

2. ———— *Minor of Fifteen Years Held Responsible.* Allegations that a minor, fifteen years of age, did not know that he was doing wrong in making such an arrangement as that referred to in the preceding paragraph, and did not know that he was exposing himself to any great danger in following such directions, are not sufficient to take the case out of the rule stated, or to relieve the minor from responsibility for his own negligence.

Error from Barton district court ; ANSEL R. CLARK, judge. Opinion filed March 7, 1903. Affirmed.

*Nimocks, Swartz & Hess*, for plaintiff in error.

A. A. *Hurd*, and O. J. *Wood*, for defendant in error.

The opinion of the court was delivered by

MASON, J. : The only question presented in this case is whether the district court erred in sustaining a demurrer to the petition. The petition alleged that plaintiff, a boy fifteen years of age, agreed with the

brakeman of one of defendant's passenger-trains to pay him twenty-five cents to carry him from Great Bend to Hutchinson ; that plaintiff paid the brakeman this amount and the brakeman told him to get. upon the platform of the baggage-car, and to get off at the stopping-places on the way for the purpose of keeping out of sight ; that plaintiff rode upon the car' platform as far as Ellinwood, and in getting off the train while it was still in motion, on the opposite side from the depot, stumbled over a semaphore board, fell under the train, and received injuries requiring the amputation of both feet.   The plaintiff bases his right to recover upon the acts of the brakeman in instructing him to ride on the car platform and to get off at the stopping-places for the purpose of keeping out of sight, and upon the negligence of the company in permitting the semaphore board to remain exposed above the surface of the ground.

The demurrer was properly sustained.   The plaintiff was not a passenger.   It has often been held that one does not become a passenger by the payment of money to the brakeman of a freight-train, the collection of fare not being within the real, or apparent scope of his authority.   (*McNamara v. Great Northern Ry. Co.,* 61 Minn. 296, 63 N. W. 726 ; *Janny v. Great Northern Ry. Co.*, 63 id. 380, 65 N. W. 450 ; *Texas & Pacific Ry. Co. v. Black*, 87 Tex. 160, 27 S. W. 118 ; *A. T. & S. F. Rld. Co. v. Johnson*, 3 Okla. 41, 41 Pac. 641 ; *Brevig v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.*, 64 Minn. 168, 66 N. W. 401.)   Whether the rule is the same in the case of the brakeman of a passenger-train or not, the plaintiff in this case was not a passenger, because, in the absence of specific allegations to the contrary, it must be presumed that the fact that he was told to ride on the car platform and

keep out of sight informed him, even if he would not otherwise have known it, that he was not received or considered as a passenger by the company or its authorized agents.

His minority does not affect the matter except so far as it is a mark of capacity. ( *Bess v. Railway Co.*, 62 Kan. 299, 62 Pac. 996.) A boy of fifteen, having ordinary intelligence for his age, would presumably understand, under the circumstances stated, that the directions given him were unusual and were intended to prevent his discovery by the person in charge of the train. It is true that the petition alleged that the plaintiff did not know that he was doing wrong in making the arrangements referred to with the brakeman, and that he did not know that he was exposing himself to any great danger in following the instructions given him. But it was not alleged that he had not ordinary intelligence for his age, or that he lacked capacity to understand the nature of the transaction, or that he believed that the brakeman took the money in behalf of the company, or that he did not know that the reason he was told to ride on the platform and keep out of sight was in order that the conductor should not see him. As he was not a passenger but a trespasser, the company owed him no duty with regard to the construction of its semaphore, or otherwise, except to avoid wilful and wanton negligence.

The plaintiff was injured, not because he was riding on the platform, but because he got off the train while it was in motion, and on the other side of the car from the depot. It is not alleged that the brakeman told him to get off before the train stopped. The exact language of the petition in this regard is that the brakeman told the plaintiff ''that, as the train pulled up at the different stopping-places between Great

Bend and Hutchinson, he should get off and keep out of sight." The allegations are insufficient to show defendant to have been guilty of any wilful or wanton neglect, or to relieve plaintiff from the responsibility for his own obvious recklessness.

The judgment is affirmed.

All the Justices concurring.