THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY v. RALPH LAUGHLIN, *by Hattie Laughlin, as Next Friend.*

No. 14,653.    (87 Pac. 749.)

SYLLABUS BY THE COURT.

1. JURY AND JURORS—*General Findings Controlled by Special Findings.* When a jury in answer to special questions make certain general findings which are in the nature of conclusions, and which are contradicted by other special findings of fact in detail, the general findings will be controlled by the special findings.

Railway Co. v. Laughlin.

2. DAMAGES—*Injury to an Infant—Contributory Negligence.* The special findings of the jury examined and held to establish contributory negligence by a boy thirteen years of age, of ordinary intelligence, who was injured in attempting to pass in front of a moving freight-train which he saw approaching.

Error from Cloud district court; HUGH ALEXANDER, judge. Opinion filed November 10, 1906. Reversed.

STATEMENT.

RALPH LAUGHLIN, an infant, was injured December 6, 1902, by being run over by a freight-car, part of a train consisting of an engine and two box cars backing east on the tracks of defendant company in its railway yards near the station at Concordia. His left leg was cut off between the knee and ankle. He brought this action by his next friend and recovered a judgment of $1999, from which the railway company brings this proceeding in error.

At the time of the accident he was thirteen years and two months old, and had been working as a messenger boy for a telegraph company for five weeks. His duties required him to cross these tracks frequently. He was a bright boy, of ordinary intelligence. The tracks of defendant company lie east and west. The station is on the south side of the tracks, and half a block east of Washington street, which runs north and south. The accident occurred at a point on the tracks about midway between the east side of Washington street and the station. The petition alleged that for years there had been a well-defined path across the tracks, leading from the sidewalk which connected with the station platform and running northwest to the sidewalk on the east side of Washington street, and that the public were accustomed to use it.

Young Laughlin had passed over this path while going north, a few moments before the accident, with a message to deliver, and had noticed the engine and cars switching west of Washington street. He saw them

Railway Co. v. Laughlin.        ◦

run east to near the east side of the street, then stop and run back again to the west. He delivered his message and got a reply requiring his immediate return to the telegraph office, which was east and south of the station. On his return, and before he started across this diagonal path, he saw the train backing east, but supposed it would stop near the east side of the street because it had done so before. He was running slowly and took the path across the tracks, going in a southeasterly direction. The engine and two cars were moving east at the rate of five or six miles an hour. He saw the cars moving east of Washington street and until they were within ten feet of him, but thought they were slowing up and about to stop. He continued in his course and was struck by the east end of the rear box car just as he stepped in front of it. He claimed that just as he stepped on the track the cars gave a lunge and that but for this he would have gotten across ahead of them without injury. The bell of the engine was ringing all the time the cars were running. It was claimed that the railway company was negligent in failing to have a lookout on the rear car to warn persons of the approach of the train. In answer to special questions submitted by plaintiff the jury found that there was a well-defined pathway across the tracks of defendant company which the public used as claimed by plaintiff, and also made the following finding:

"(1) Ques. Did the plaintiff Ralph Laughlin exercise such reasonable care and prudence as might be expected from one of his years, knowledge and experience, taking into consideration all of the circumstances and conditions in which he was placed immediately prior to, and at the time of, the injury? Ans. Yes."

To questions submitted by defendant company the jury made the following answers:

"(18) Ques. State whether or not the business in which plaintiff was engaged at the time of his injury required him to cross the tracks of the defendant on Washington street many times daily. Ans. It required the crossing of defendant's tracks several times daily."

" (25) Q. How far did the car which struck the plaintiff move after the plaintiff was injured? A. About a car-length.

" (30) Q. Did the plaintiff prior to the accident know that a person crossing in front of a moving freight-train might be injured if he did not cross before he was reached by the train? A. We are not able to state at his age at time of his injury.'

" (31) Q. Was the bell upon the engine ringing at the time plaintiff was injured? A. Yes."

" (33) Q. State whether or not the employees of the defendant in charge of its engine at the time of the injury knew that the plaintiff was upon the track. A. No.

" (34) Q. State whether or not the employees of the defendant in charge of its engine at the time of plaintiff's injury had reason to know that plaintiff was on the track. A. No."

" (36) Q. Did the plaintiff prior to the accident know that switching freight-trains moved irregularly, stopped and started and increased and diminished speed unexpectedly, and not at regular times and places? A. No."

" (42) Q. State whether or not the plaintiff saw the cars and engine of the defendant moving eastwardly just prior to his injuries. A. Yes."

" (44) Q. If you answer that the plaintiff saw the cars moving eastwardly prior to his injury, how far was he from such cars when he first so saw same? A. About half a block.

" (45) Q. If you answer that the plaintiff saw such cars before his injury, state in what direction, if any, he went after so seeing such cars. A. S. E.

" (46) Q. If you answer that the plaintiff saw such cars prior to his injury, and went in any direction thereafter prior to the injury, state whether he walked or ran, and how fast. A. Ran on dog trot.

" (47) Q. If you answer that the plaintiff saw such cars prior to his injury, state how far he was from the cars when he last saw the one nearest to him before going on the tracks. A. About ten feet.

" (48) Q. State whether or not the plaintiff attempted to cross the track in front of the cars of the defendant just prior to his injury. A. Yes."

" (56) Q. State whether or not the plaintiff before crossing the track of the defendant just prior to the injury stopped and looked for cars passing along the

track. A. He noticed cars about ten feet away just before starting to cross track, but did not stop."

" (60) Q. Did the plaintiff prior to the accident understand that a person crossing railroad-track yards was liable to injury unless he successfully avoided moving trains? A. Yes."

" (68) Q. Was the plaintiff at the time of his injury a bright, intelligent boy of thirteen years of age, and more than ordinary intelligence for that age? A. Was of ordinary intelligence."

" (73) Q. If you find that the defendant was negligent toward the plaintiff, state in what such negligence consisted. State fully. A. By not having flagman or brakeman at end of car to warn plaintiff or others from crossing defendant's tracks."

" (76) Q. What, if anything, induced the plaintiff to place himself in a position of danger, if he did, just prior to the injury? A. He did not realize there was any danger."

" (85) Q. State how far, if at all, the car which run over the plaintiff lunged or jerked just prior to the injury—how many inches or feet. A. From two to four feet."

*W. W. Guthrie, W. F. Guthrie, Boyle, Guthrie & Smith,* and *Sturges & Sturges,* for plaintiff in error.

*Park B. Pulsifer,* and *Dwight M. Smith,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: The only negligence of which the jury found the company guilty was the failure to have a lookout on the rear of the train to warn persons of its approach. It is urged that the findings and evidence conclusively establish that this negligence could not have been the proximate cause of the accident because it appears that the boy saw the cars approaching all the time and had sufficient warning. However, conceding that the railway company was negligent, the findings of fact clearly establish that plaintiff's contributory negligence was such that he cannot recover.

Some of the findings of the jury are in a sense contradictory. In the first answer they find that plaintiff

did exercise such reasonable care and prudence as might be expected from one of his years, knowledge and experience, and under all the circumstances. This finding, however, is in the nature of a general conclusion; it must give way to the force and effect of certain special facts found—facts in detail—which cannot be said to be arbitrary conclusions, for they are compelled by, and rest upon, evidence about which there is no conflict. (*A. T. & S. F. Rld. Co. v. Plunkett, Adm'r,* 25 Kan. 188, 197.) They force a conclusion from which, in our opinion, there is no escape.

The boy possessed the ordinary intelligence of one of his age, knowledge and experience. He was past thirteen years of age and for five weeks had been about and across these tracks daily. He attempted to run around in front of a moving train of cars which he saw approaching and about to cross his path unless it stopped, as he says he thought it was going to do. The train was moving five or six miles an hour. One of the reasons he gives that caused him to think the train would stop was that he saw it awhile before moving eastward and stopping at a point west of there.

The jury found, as indeed they were bound to find from his evidence, that he understood he was liable to injury unless he avoided being struck by the train; that he noticed the cars when they were ten feet away from him but did not stop. The finding that he did not realize there was any danger is likewise a conclusion which must be controlled by the previous findings to the effect that he saw the train approaching but did not stop; that he did understand his liability to injury; and that he possessed the ordinary intelligence of one of his years, knowledge and experience. In *A. T. & S. F. Rld. Co. v. Plunkett, Adm'r,* 25 Kan. 188, it was said:

"The jury's findings are always conclusions. They cannot be otherwise; and the jury cannot in any case, or in any sense, find ultimate facts. They can find the facts in great detail, or they can find them in very general or comprehensive terms. And where they find

the facts both in detail and in general terms, we may disregard the general findings. If the findings in detail contradict the general findings, we may order the judgment to be rendered in accordance with the findings in detail, and wholly ignore the general findings. For instance: Where a question of negligence arises in a case, the jury cannot be allowed to say conclusively, after finding certain special facts, that these facts constitute negligence, when in fact and manifestly they do not constitute negligence." (Page 197.)

To the same effect see *C. B. U. P. Rld. Co. v. Henigh, Adm'r,* 23 Kan. 347, 359, 33 Am. Rep. 167; *A. T. & S. F. Rld. Co. v. Brown,* 2 Kan. App. 604, 42 Pac. 588; 2 Am. & Eng. Rld. Cas., n. s., 113; *A. T. & S. F. Rld. Co. v. Plaskett,* 47 Kan. 112, 115, 27 Pac. 824.

The finding in this case that under the circumstances the boy exercised such reasonable care and prudence as might be expected from one of his years, knowledge and experience is necessarily a general conclusion from the special facts found, and is contradicted by the findings in detail. From these it stands out clear that it would have required the exercise of only a slight degree of care on the part of this boy to have protected him from injury, and that in the face of danger which he sufficiently appreciated he culpably neglected to use the knowledge and capacity which he possessed.

"Although a minor, he was bound to use the reason he possessed and to exercise the degree of care of which he was capable." (*Wilson v. Railway Co.,* 66 Kan. 183, 186, 71 Pac. 282. See, also, *A. T. & S. F. Rld. Co. v. Todd,* 54 Kan. 551, 38 Pac. 804; *Bess v. Railway Co.,* 62 Kan. 299, 62 Pac. 996; *Mendenhall v. Railway Co.,* 66 Kan. 438, 71 Pac. 846, 61 L. R. A. 120, 97 Am. St. Rep. 380.)

It follows, therefore, that the motion for judgment in favor of defendant upon the special findings should have been sustained.

The judgment is reversed, with directions to enter judgment for defendant.

All the Justices concurring.