Garcia v. Railway Co.

No. 20,607.

Luis Garcia and Leogadia Garcia, *Appellees*, v. The Atchison, Topeka & Santa Fe Railway Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Railroads—*Duty to Trespasser.* Rule followed that a railway company's duty to a trespasser is merely to refrain from willfully injuring him.

2. Same — *Trespasser — Injuries — No Wanton or Willful Negligence Shown.* Where a boy climbs into a switch engine and his presence is known to the fireman but not to the engineer, and the switch engine is struck by a freight train and the boy is caught and killed in the wreck, though the engineer and fireman saved their lives by jumping from the engine before the collision, the fact that the fireman, who had no authority to do so, permitted the boy to remain on the engine does not establish wanton or willful negligence on the part of the railway company so as to render it liable for damages in an action brought by the boy's parents.

Appeal from Reno district court; Frank F. Prigg, judge. Opinion filed April 7, 1917. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellant.

No appearance for the appellees.

The opinion of the court was delivered by

Dawson, J.: The plaintiffs' son, a boy of fourteen, was killed while riding in the defendant's switch engine in the railroad yards at Hutchinson. A switch had been left open whereby a freight train collided with the switch engine. The engineer and fireman saved themselves by jumping, but the boy was caught in the wreck and died from his injuries.

The boy's parents recovered judgment, and the jury made special findings:

"2. Did he ride out to the place near where he was killed on the steps or ladder of a box car? Ans. Yes.

"4. Was he in the gangway between the engine and tender at the time of the collision? Ans. Yes.

"6. Was there a door between the end of the engineer's cab and the gangway and a door between the end of the fireman's cab and the gangway? Ans. Yes.

"12. When did the fireman and engineer of the switching crew discover that an accident was likely to occur? Ans. When train approached switch.,

"13. After they discovered that an accident was likely to occur, did they do what they reasonably could to prevent the accident? Ans. Yes.

"14. Had either the fireman or the engineer authority under the rules of the defendant to permit the boy Garcia to ride on the engine? Ans. No.

"15. Did either the engineer or the fireman of the switching crew know of Pedro Garcia being on the engine prior to the time they started to jump off, and if so which one of them? Ans. Yes, fireman.

"18. If you find for the plaintiff on the ground that the defendant was wantonly and willfully negligent then state what employee of the defendant was so negligent and of what his·negligence consisted. Ans. Fireman permitting boy to ride."

The defendant filed a motion for judgment on the special findings. This was overruled, and defendant appeals.

We have not been favored with a brief or argument by plaintiffs.

The engine was of the "full boiler type," having separate cabs for the engineer and fireman, and apparently the engineer did not know the boy was on the engine. The fireman, who did know of the boy's presence on the engine, had no authority to permit him to ride. (*Kemp v. Railway Co.,* 91 Kan. 47, 138 Pac. 621.) The finding merely is that the fireman knew he was on the engine. In this situation the boy was a trespasser. (Gen. Stat. 1915, § 3760.) As such the defendant's only duty toward him was not to do him a willful injury. The trial court recognized this principle, and the only willful negligence found by the jury is that the fireman permitted him to ride. While a railroad engine is probably not a proper place for a youngster, it can not be declared that it was wanton and willful negligence to permit him to ride on' the engine. It is a place where enginemen must ride, and is not inherently a dangerous place. The fact that the fireman did not put the boy off, or notify the engineer of his presence so that the latter might put him off, was not willful negligence, nor was the collision with the freight train the natural and probable consequence of the fireman's permitting the boy to ride. Wantonness or willfulness was not shown simply because it did not exist. The case does not differ in principle from those already decided by this court. (*Handley*

*v. Railway Co.*, 61 Kan. 237, 59 Pac. 271; *Wilson v. Railway Co.*, 66 Kan. 183, 71 Pac. 282; *Mendenhall v. Railway Co.*, 66 Kan. 438, 71 Pac. 846; *Railway Co. v. Lacy*, 78 Kan. 622, 97 Pac. 1025; *Gamble v. Oil Co.*, 100 Kan. 74, 163 Pac. 627.)

In view of the jury's special findings and the failure to establish willful negligence on the part of the defendant the latter was entitled to judgment.

Reversed.