**Troy GEORGE, Appellant,**

**v.**

**TEXAS AND NEW ORLEANS RAILROAD COMPANY, Appellee.**

**No. 12927.**

Court of Civil Appeals of Texas.

Galveston.

April 26, 1956.

Rehearing Denied May 17, 1956.

Gano & Gano and John T. Gano, Fort Worth, for appellant.

John F. Heard and Robert L. Steely, Houston (Baker, Botts, Andrews & Shepherd, Houston, of counsel), for appellee.

CODY, Justice.

This suit was brought by plaintiff, Troy George, to recover from defendant Railroad Company for personal injuries sustained by him when he was knocked off of the side of a box car and fell on the tracks and was seriously and permanently injured. At the close of plaintiff's evidence in response to defendant's motion, the court directed a verdict and rendered judgment for defendant.

██ Plaintiff predicates his appeal upon a single point, urging that his pleadings and evidence were sufficient to require the court to submit the case to the jury.—We overrule plaintiff's point.

██ For the purpose of passing on whether the court erred in directing the verdict for defendant and thereby in effect sustaining a demurrer to the evidence, plaintiff's evidence must be considered in the light most favorable to him and all inferences in his favor which the evidence will reasonably bear must be indulged. Najera v. Great Atlantic & Pacific Tea Co., 146 Tex. 367, 207 S.W.2d 365, 367. As so considered, the evidence was to this effect:

Plaintiff, who was twenty-one years old at the time of the trial, sustained the personal injuries aforesaid on June 30, 1948. The box car, from the side of which plaintiff was knocked under the circumstances hereinafter stated, along with other freight cars was at the time of the accident being moved over a trestle or overpass on defendant's tracks in South Dallas in a thickly populated area. At the time plaintiff sustained his injuries, he was fourteen years and three months old and of normal intelligence for his age.

Defendant's tracks in the vicinity where the accident occurred were on top of an embankment and boys from time to time played on this embankment to the knowledge of defendant's employees, who from time to time would wave at them as they went by. There was also a playground adjacent to defendant's tracks in this locality and also a vacant lot where plaintiff and other boys played. The defendant had not fenced the tracks off against the boys in the neighborhood nor did they have guards on the trains to prevent boys from hopping rides on their slow-moving trains. On this particular train there was no caboose and of course no brakeman or conductor who might have guarded or protected the train from boys hopping a ride thereon.

██ If plaintiff wished to gain some legal advantage from the fact that no caboose was on the train, the burden upon him would have been to introduce evidence to establish that the train was violating the law by not having a caboose and that the same was a proximate cause, but the evidence showed that the movement of the cars which included the box car from which plaintiff was knocked was under the charge of the engine foreman, and so a switching movement and not the movement of a train made up for transportation on the main line.

In this connection it should be further stated that there were no signs erected by defendant warning of the dangers connected with such hopping of rides and furthermore the boy's home was within two blocks of the tracks and his parents had warned him of the dangers of being around the tracks but had not warned him against the danger of hopping rides and he did not appreciate such danger and along with other companions felt strongly attracted to hopping rides.

On the other few occasions that plaintiff caught a ride he purposely did it so as to avoid detection by defendant's employees because he knew they would not permit it. There was no evidence that the plaintiff hopped a ride on the train in question or hopped rides on any other occasion with the knowledge or authority of the defendant or any of its employees. On this occasion plaintiff and another companion hopped on the slow-moving train, plaintiff caught the ladder on the side of the box car and while attempting to pull himself into an upright position the box car passed over the trestle or overpass and the wooden construction on the side thereof caught part of the body of plaintiff and knocked him off.

We would state further facts if this were a case in which plaintiff was entitled to invoke the protection of the attractive nuisance doctrine but since it is not such a case no good purpose would be served in making further statement of the facts involved. It is now the settled law of this State that it is not a question of fact for the jury to determine whether or not a normal boy of fourteen is of sufficient age and maturity to appreciate the dangers which would constitute an attractive nuisance. Massie v. Copeland, 149 Tex. 319, 233 S.W.2d 449, 454. In the cited case it was stated, "Respondents contend that the question whether or not their fourteen year old son who was drowned should have understood and appreciated the danger of swimming in the pit of water is, under their pleadings, one of fact for the jury. We believe that this question is usually regarded in attractive nuisance cases as a question of law for the court's decision." The opinion just quoted from was by Judge Smedley and well supported by citation of authority.

In the next place, it seems to be well settled that the attractive nuisance doctrine has never been extended to moving trains. In such case the railroad's duty is to keep a lookout to prevent injury to anyone who may be on the railroad tracks or approaching same and it is held that it would impose an intolerable burden to obligate the railroad to also see that no intruders rush into obvious dangers after the train has passed. St. Louis S. W. Ry. Co. of Texas v. Davis, Tex.Civ.App., 110 S.W. 939 (error refused); Gulf, C. & S. F. Ry. Co. v. Moss, Tex.Civ.App., 180 S.W. 1128 (error refused); Smith v. Illinois Central Railroad, 214 Miss. 293, 58 So.2d 812; Barney v. Hannibal & St. J. Railway Co., 126 Mo. 372, 28 S.W. 1069, 26 L.R.A. 847; Catlett v. St. Louis, I. M. & S. Railway Co., 57 Ark. 461, 21 S.W. 1062; Clark v. Northern Pacific Railway Co., 29 Wash. 139, 69 P. 636, 59 L.R.A. 508; Nixon v. Montana, W. & S. Railway Co., 50 Mont. 95, 145 P. 8. Without further multiplication of authorities, we quote the following from Union Railway Co. v. Williams, 6 Cir., 187 F.2d 489, 493: "We have not found that any court has gone so far as to require railroad companies to patrol its tracks or police its trains with a sufficient number of guards to prevent boys from attempting to board them."

It is plaintiff's contention, however, that it is well settled law that railroad trains are such dangerous instrumentalities as come within the attractive nuisance doctrine, and he cites in support of such contention: Rinker v. Galveston-Houston Electric Railway Co., Tex.Civ.App., 176 S.W. 737; Cahill v. E. B. & A. L. Stone & Co., 153 Cal. 571, 96 P. 84, 19 L.R.A.,N.S., 1094; Texas & Pacific Ry. Co. v. Brown, 11 Tex.Civ. App. 503, 33 S.W. 146, and others. We have examined plaintiff's cases which we have specifically cited and found that none of them deal with the normal case of a

moving train, so that plaintiff's cases are not in point.

Plaintiff's contention that plaintiff was shown by the evidence to have been a licensee or invitee is without merit.

We sustain the court's order in directing a verdict for defendant and the judgment is affirmed.