No. 47,964

David Frazee, Individually and as Father and Next Friend of
Randal Frazee, a Minor, *Appellant*, v. St. Louis-San Francisco
Railway Company, a Corporation, *Appellee*.

(549 P. 2d 561)

Opinion filed May 8, 1976.

*John C. Frank*, of Wichita, argued the cause, and *Raymond W. Baker*, of Wichita, was with him on the brief for the appellant.

*J. Michael Peters*, of Gott, Hope, Gott, Young & Saffels, P. A., of Wichita, argued the cause, and *Glenn D. Young, Jr.*, of the same firm, was with him on the brief for the appellee.

*M. Ralph Baehr*, of Wichita, was on the brief *amicus curiae*, for The Kansas Trial Lawyers Association.

The opinion of the court was delivered by

Schroeder, J.: This is a damage action wherein David Frazee (plaintiff-appellant) seeks to recover for injuries sustained by his minor son, Randal Frazee, when Randal attempted to board a moving freight car on the railroad tracks of the St. Louis-San Francisco Railway Company (defendant-appellee). Upon stipulated facts the trial court found Randal to be a trespasser and sustained the defendant's motion for summary judgment.

The primary thrust on appeal is an attempt to persuade this court to overrule its prior decisions and replace the premises doc-

trine, which is based upon the status of an injured party on the premises of another, with the imposition of a single duty of reasonable care under the particular circumstances.

This action was commenced October 22, 1974, when the plaintiff filed his petition in the District Court of Sedgwick County, Kansas. The petition alleged the plaintiff had incurred medical and hospital expenses and that his minor son, Randal Frazee, had sustained severe permanent injuries as the result of the negligence of the defendant. On November 22, 1974, defendant filed its answer denying plaintiff's allegation of negligence and asserting that plaintiff and/or Randal Frazee were contributorily negligent. Defendant further asserted that Randal Frazee was a trespasser on its property at the time he was injured.

On May 17, 1975, defendant filed its motion for summary judgment, together with stipulations of fact signed by the attorneys for the parties. The facts stipulated by the parties were as follows:

"1. These stipulations are entered into by the parties solely for the purposes of defendant's Motion for Summary Judgment to which these stipulations are attached.

"2. The District Court of Sedgwick County, Kansas, has jurisdiction of the subject matter and of the parties, and venue is properly laid therein.

"3. David Frazee is a resident of Cowley County, Kansas, and resides at 1011 South 'C', Arkansas City, Kansas. Randal Frazee is a minor and resides with his father at 1011 South 'C', Arkansas City, Kansas.

"4. The St. Louis-San Francisco Railway Company is and was at all times hereinafter mentioned, a corporation organized and existing under and by virtue of the laws of the State of Missouri, maintaining and operating a line of railroad running through the City of Arkansas City, in Cowley County, Kansas.

"5. Defendant, at the time of Randal Frazee's injury, and for a long time prior thereto, owned and operated two sets of tracks which run in an east and west direction and south of Harrison Avenue in Arkansas City, Kansas.

"6. Randal Frazee was injured on Thursday, July 29, 1971, at about 3:00 p.m.

"7. At the time of the accident Randal Frazee was nine years of age, his date of birth being May 10, 1962.

"8. Randal Frazee's injuries consisted of the severing of both legs below the knee.

"9. Prior to the time of Randal Frazee's injury, children of the community commonly crossed defendant's tracks and portions of defendant's right-of-way in going to and returning from school. Such use by the children of the community was known to the defendant. A footbridge across the Land Power Company's canal located approximately 250 feet west of the point of injury, and to the south of defendant's right-of-way, was utilized by the children in making these crossings.

"10. On previous occasions members of defendant's crew had seen children

playing in the area. Members of defendant's crew were aware that the Frazee family maintained a garden located approximately 250 feet west of the point of injury and immediately north of defendant's right-of-way.

"11. From time to time, defendant placed cars and left cars standing on the north track.

"12. The point of injury was at the north rail of the south track approximately 69 feet east of the east curb line of 'C' Street.

"13. Defendant's train consisted of a crew of four operating a diesel switch engine and a total of seven or eight cars. As is the case in switch operations, the train of cars did not include a caboose.

"14. Defendant's train passed the point of injury in a westerly forward move at a slow speed of 5 miles per hour or less.

"15. As the train passed the point of injury, Randal Frazee attempted to board a car located towards the rear of the train and fell off, sustaining the injuries complained of.

"16. All members of defendant's crew were riding in the engine cab and no member of defendant's crew observed Randal Frazee attempting to board the train and falling off.

"17. Plaintiff does not contend that defendant or any of its agents, servants or employees willfully, recklessly or wantonly injured Randal Frazee."

At the hearing on the motion, March 27, 1975, the plaintiff offered into evidence pictures, accompanied by affidavits, generally depicting the area surrounding the defendant's tracks and depicting the path, footbridge and garden described in the stipulations. Upon objection by the defendant the trial court held the pictures inadmissible on the ground they were not relevant. This point, assigned as error by the appellant, has no merit. The pictures, made a part of the record on appeal, add nothing of legal significance to the stipulations.

In arguing the motion for summary judgment the plaintiff contended Randal, at the time he attempted to board the railroad car of the defendant, was a licensee rather than a trespasser. The defendant contended Randal was a trespasser.

The trial court made findings of fact in accordance with the stipulations, and found Randal to be a trespasser and not a licensee at the time he attempted to board the defendant's railroad car. It concluded under Kansas law the defendant owed Randal no duty other than to refrain from willfully, wantonly and recklessly injuring him, and upon the stipulations the defendant was entitled to judgment as a matter of law. Appeal has been duly perfected.

The appellant contends the trial court erred in finding Randal to be a trespasser.

In the law of negligence a trespasser is a person who enters on the property of another without any right, lawful authority or an

express or implied invitation or license. (*Morris v. Atchison, T. & S. F. Rly. Co.*, 198 Kan. 147, 154, 422 P. 2d 920; and 65 C. J. S., Negligence, § 63 (3) *a*, p. 659.)

The Restatement of the Law, Second, Torts, § 329, is in general accord. It states:

"A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." (p. 171.)

Here the facts show Randal Frazee was injured at a point 250 feet west of both the footbridge across the canal and the Frazee's family garden. Furthermore, the point of injury was 69 feet east of the curb line of "C" Street. Thus when Randal was injured it could not be said he was near either the footbridge or the family garden plot. It is admitted Randal was not seen on the day in question by the train crew, thus he does not fall into the classification of a known trespasser. There is no allegation Randal was a frequent or constant trespasser of the railroad's right-of-way.

In *Morris v. Railway Co.*, 103 Kan. 220, 173 Pac. 346, a two-year-old boy was struck when he was at a point 150 feet south of a much used public highway. The court treated the child as a trespasser saying:

". . . There was no crossing at the place, nor any path or passageway over the right of way which persons used by license or permission. He was not in a place frequented by children or other persons, and hence the employees of the defendants had no reason to anticipate his presence *at the place he was struck*. . . ." (Emphasis added.) (p. 223.)

The appellant's attempt to embellish upon the facts in his brief is without avail to him on this appeal in view of the stipulations of fact.

That Randal was nine years old at the time of the accident does not alter his status as a trespasser. The general rule in this area long recognized by our courts is that infants have no greater right to trespass upon other people's land than adults. The same rules apply even though the trespasser might be an infant. (*Lemon v. Busey*, 204 Kan. 119, 126, 461 P. 2d 145; *Roberts v. Beebe*, 200 Kan. 119, 124, 434 P. 2d 789; and *United Zinc Co. v. Britt*, 258 U. S. 268, 66 L. Ed. 615, 42 S. Ct. 299, 36 A. L. R. 28.)

In *Morris v. Railway Co.*, supra, the court said:

". . . The trainmen had no more reason to anticipate the presence of children on the track than of adults, and the company owed no higher duty to the child until its danger was discovered than if he had been an adult. . . ." (p. 224.)

After carefully reviewing the stipulated facts and the cases to which the court has been cited, we are convinced the trial court did not err in finding Randal Frazee was a trespasser at the time and place he attempted to board the appellee's railroad car.

It has long been the rule in Kansas that the only duty owed by a landowner to a trespasser is to refrain from willfully, wantonly or recklessly injuring him. As early as 1882, this court held that a railway company has the exclusive right to occupy its tracks, and any person walking upon a track or bridge without the consent of the company is a trespasser and is without remedy unless it is proved by affirmative evidence that the injuries resulted from negligence so gross as to amount to wantonness. (*Mason v. Mo. Pac. Rly. Co.*, 27 Kan. 83, 41 A. R. 405.)

In *A. T. & S. F. Rld. Co. v. Todd*, 54 Kan. 551, 38 Pac. 804, this court, in a case involving the death of a nine-year-old boy, held that the only duty which the railroad company owed to one who was not rightfully upon its premises, whether an infant or an adult, was not to willfully or wantonly injure him; but such duty would not arise until it had discovered the whereabouts and the perilous situation of the trespasser.

In *Wilson v. Railway Co.*, 66 Kan. 183, 71 Pac. 282, the court was concerned with a twelve-year-old boy who jumped on and off a railroad car and was injured, and the general rule was asserted that the only duty to such a trespasser was not to willfully, wantonly or recklessly injure him. The rule has been applied uniformly in cases of this nature from the early history of this state up to the present cases. (*Handley v. Railway Co.*, 61 Kan. 237, 59 Pac. 271; *Mendenhall v. Railway Co.*, 66 Kan. 438, 71 Pac. 846, 97 A. S. 380, 61 L. R. A. 120; *Richardson v. Railway Co.*, 90 Kan. 292, 133 Pac. 535; *Garcia v. Railway Co.*, 100 Kan. 259, 164 Pac. 272; *Carson v. Railway Co.*, 103 Kan. 138, 172 Pac. 1000; and *Morris v. Atchison, T. & S. F. Rly. Co.*, supra.)

The appellant has stated the railroad's right-of-way was not fenced. The duty owed to a trespasser does not include a duty to take security measures to prevent trespassing. A railroad company does not have a duty to fence its property to prevent trespassing children from boarding its moving trains. (*Briney v. Illinois Cent. R. Co.*, 324 Ill. App. 375, 58 N. E. 2d 286 [1944]; *Nolley v. Chicago, M., St. P. & P. R. Co.*, 183 F. 2d 566 [8th Cir. 1950], cert. denied, 340 U. S. 913, 95 L. Ed. 660, 71 S. Ct. 284; *Nixon v. Montana Etc. Ry. Co. et al.*, 50 Mont. 95, 145 Pac. 8 [1914]; and Annot., 35 A. L. R. 3d 9, § 4[a] [1971].)

Courts have repeatedly recognized that there is ordinarily no duty on the railroad company to police its tracks and trains to prevent trespassing children from boarding its trains. (*Louisville & Nashville Railroad Co. v. Spence's Adm'r*, 282 S. W. 2d 826 [Ky. Ct. App. 1955]; *Nolley v. Chicago, M., St. P. & P. R. Co.*, supra; *Smith v. Illinois Central R. Co.*, 214 Miss. 293, 58 So. 2d 812 [1952]; *Egan v. Erie R. Co.*, 29 N. J. 243, 148 A. 2d 830 [1959]; *Kline v. New York, N. H. & H. R. Co.*, 160 Conn. 187, 276 A. 2d 890 [1970]; and Annot., 35 A. L. R. 3d 9, § 4[b] [1971].)

For this court to impose that kind of a duty on the railroad company would place an unreasonable burden upon the railroad. (*Kline v. New York, N. H. & H. R. Co.*, supra; and *George v. Texas and New Orleans Railroad Company*, 290 S. W. 2d 264 [Tex. Civ. App. 1956].) In *George*, the Texas court said:

". . . 'We have not found that any court has gone so far as to require railroad companies to patrol its tracks or police its trains with a sufficient number of guards to prevent boys from attempting to board them.'" (p. 266.)

Our court has determined this question in *Wilson v. Railway Co.*, supra, where it was said:

"So to guard trains as to keep boys entirely away from them would require a host of employees, and fix a standard of responsibility which has never received countenance in this state. Such a standard of duty and responsibility cannot be invented and applied by the court without legislation. . . ." (p. 186.)

This principle was reaffirmed in *Carson v. Railway Co.*, supra where the court held:

". . . The law does not require a railroad company to be on the alert against the invasion of a freight train by trespassers." (p. 141.)

Contrary to the appellant's assertion that the railroad company could have easily prevented the injury to Randal Frazee, the burden of so doing would be, now as it was when *Wilson* was decided, an insurmountable one. Nothing short of the most pervasive and expensive security measure could ever prevent a person from running from a place of safety to the side of a railroad car and jumping on. This kind of a burden is not, and should not be, a part of the Kansas law.

Under the present Kansas law, the trial court clearly committed no error in holding that the only duty owed to Randal Frazee, as a trespasser, was the negative duty to refrain from willfully, wantonly or recklessly injuring him. The appellant herein does not contend

the appellee or any of its agents, servants or employees willfully, wantonly or recklessly injured Randal Frazee.

On the facts here presented the majority of the members of this court reject the appellant's invitation to overrule our prior decisions, heretofore cited and discussed, and adopt the "so called" modern rule first developed in the California case of *Rowland v. Christian*, 69 Cal. 2d 108, 70 Cal. Rptr. 97, 443 P. 2d 561, 32 A. L. R. 3d 496 (1968). (*See, Mounsey v. Ellard*, 363 Mass. 693, 297 N. E. 2d 43 [1973]; *Pickard v. City & County*, 51 Hawaii 134, 452 P. 2d 445 [1969]; *Peterson v. Balach*, 294 Minn. 161, 199 N. W. 2d 639 [1972]; *Wood v. Camp*, 284 So. 2d 691 [Fla. 1973]; *Mile High Fence v. Radovich*, 175 Colo. 537, 489 P. 2d 308 [1971]; *Smith v. Arbaugh's Restaurant, Inc.*, 469 F. 2d 97 [D. C. Cir. 1972], cert. denied, 412 U. S. 939, 37 L. Ed. 2d 399, 93 S. Ct. 2774; *Mariorenzi v. Joseph DiPonte, Inc.*, _____ R. I. _____, 333 A. 2d 127 [1975]; and *Antoniewicz v. Reszczynski*, 70 Wis. 2d 836, 236 N. W. 2d 1 [1975].)

The judgment of the lower court is affirmed.

FATZER, C. J., OWSLEY and PRAGER, JJ., dissenting.