## CHARLES MORAN v. PATRICK MORAN.

UNLAWFUL DETAINER—*Action by Landlord against Tenant, When Barred.*
Where a tenant leases a dwelling house from his landlord without any definite time being fixed for the expiration of the lease, and agrees to pay a specified sum per month, to be paid monthly,

and the tenant continues in possession of the premises for over two years, with the consent of his landlord, but fails to pay any rent although frequently requested so to do, and his landlord then finally decides that he wants the possession of the premises, and gives the tenant formal notice to quit, *held*, that the action of unlawful detainer is not barred because of such possession by the tenant, with the consent of the landlord, for over two years.

*Error from Wyandotte District Court.*

ACTION by *Patrick Moran* against *Charles Moran* for the possession of a certain dwelling house.   Trial before Hon. JOHN B. SCROGGS, judge *pro tempore.*   Judgment for plaintiff. The defendant brings the case here.   The opinion states the facts.

*W. S. Carroll*, for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.:  This was an action of unlawful detainer, commenced by Patrick Moran against his brother, Charles Moran, to obtain restitution of a dwelling house in the city of Wyandotte, now Kansas City.   It appeared upon the trial that Patrick leased the premises to Charles Moran in October, 1881, for $16.66⅔ per month, the rent to be paid monthly. The time for the termination of the tenancy was not specified in the contract.   Charles Moran entered into possession of the premises under his lease about the 24th of October, 1881, and with the consent of Patrick remained in possession until July 3, 1885, when formal notice to quit was served upon him.   A second notice was given on July 15, 1885, for the purpose of laying the foundation for the commencement of an action of unlawful detainer.   Although the rent was frequently demanded of him from time to time during his possession, he failed to pay.   Charles Moran refused to surrender possession of the premises, and on the 20th of July, 1885, this action was commenced before a justice of the peace.   Upon the application of defendant below, the case was certified to the district court for trial.   Judgment of restitution was rendered in that court in favor of Patrick Moran.

The contention is that Charles Moran was a tenant by sufferance only; that no notice to him to quit was necessary, and that this action was barred by the two-years statute of limitations at the time it was commenced. (*Alderman v. Boeken*, 25 Kas. 658.)

Section 4 of chapter 55, relating to landlords and tenants, reads:

"Thirty days' notice in writing is necessary to be given by either party before he can terminate a tenancy at will, or from one period to another, of three months or less; but where in any case rent is reserved, payable at intervals of less than 30 days, the length of notice need not be greater than such interval between the days of payment." (Gen. Stat. of 1889, ¶3613.)

Section 8 provides:

"If a tenant, for a period of less than three months, shall neglect or refuse to pay when due, five days' notice in writing to quit shall determine the lease, unless such rent be paid before the expiration of said five days." (Gen. Stat. of 1889, ¶ 3617.)

Although the rent, by the terms of the lease, was to be paid monthly by Charles Moran, yet he continued in possession of the premises by consent of Patrick Moran, the latter merely asking for the payment of the rent. He trusted Charles for the rent, and expected from time to time to obtain payment from him. Finally he concluded he could not do so, and then decided to determine the lease and compel Charles to surrender to him the possession. Therefore, he gave him formal notice to quit. The notice stated, *inter alia*, that there was 28 months' rent due, amounting to $466.65, and contained a demand for the payment of the same. Under these circumstances, we think the action was not barred when commenced. The case of *Alderman v. Boeken*, supra, is not applicable. In that case the party in possession held under color of title, and not by a contract or lease with the owner. The relation of tenant and landlord did not exist. In that case ejectment was the appropriate remedy. The judgment will be affirmed.

All the Justices concurring.