THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. DAVID T. BROWN.

No. 29.

1. FINDINGS, *General and Special — Error.* Where the jury make both general and specific findings of fact in answer to numerous questions submitted to them by the parties to the action, and it can be seen that the general findings are mere conclusions drawn by the jury from the facts as found in answer to the specific questions, such general findings may be wholly ignored; and in such case, if the specific findings are consistent with each other, but do not sustain the general verdict, it is error to overrule a motion for judgment on the specific findings.

2. RAILWAY-CARRIER — *Passenger, When a Trespasser — Ejection from Train.* One who enters a railway-train for the purpose of becoming a passenger thereon, but who has no ticket for his passage, and who refuses, when properly demanded by the conductor, to pay the legal fare, becomes a trespasser, and it is his duty, when so requested, to voluntarily leave the train when it has been stopped at a proper place for that purpose; and a refusal so to do justifies the servants of the railroad company in using such reasonable force to eject him as under the circumstances seems to be necessary. The company is not liable in damages for injuries sustained by such person in his being so put off the train, when they were not wilfully inflicted, when improper methods were not used, and when the wrongful resistance of such person directly contributed to the injuries.

MEMORANDUM.—Error from Atchison district court; ROBERT M. EATON, judge. Action by David T. Brown against The Atchison, Topeka & Santa Fe Railroad Company to recover damages for being ejected from a train. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed November 11, 1895, states the material facts.

*A. A. Hurd*, and *Mills, Smith & Hobbs*, for plaintiff in error.

*B. F. Hudson*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: This was an action brought by the defendant in error, David T. Brown, against the plaintiff in error, The Atchison, Topeka & Santa Fe Railroad Company, in the district court of Atchison county to recover damages alleged to have been sustained by the plaintiff by reason of the wrongful acts of the servants, agents and employees of the defendant in ejecting him from a passenger-train of the defendant in said Atchison county on the 25th day of March, 1889. The plaintiff alleges that prior to receiving the injuries complained of he was a physician and earned the sum of $3,000 per year by the practice of his profession, and that as a result of said injuries he became permanently disabled and rendered incapable of attending to any business whatever; that he incurred and expended the sum of $100 for medical treatment and care; that he was confined to his bed and to his house by reason of said injuries for a period of about two months, during which time he was unable to attend to any business whatever; that his time during said period was well and reasonably worth the sum of $500,

and he prays damages in the sum of $20,000. The jury returned a general verdict in favor of the plaintiff for $250, the items of which, as shown by the answers to special questions to the jury, were as follows: For pain of body and mental anguish, $140; for medicines, $10; for the value of the services of the physician who attended him while he was endeavoring to be cured of said injuries, $100.

Answers were made by the jury to 128 special questions submitted by the parties to the action. The record contains but little of the evidence, and only that part thereof relating to the value of the services of the physicians who attended the plaintiff, and the amount expended by him in the way of medicines, nursing, etc., during the time he was confined to his house, or while he was suffering from the injuries received by him. The evidence supports the findings of the jury as to the value of the services of the physicians and the necessary expenses incurred by the plaintiff in addition to the medical attendance received. The defendant moved for judgment on the particular questions of fact found by the jury, notwithstanding the general verdict, which motion was overruled by the court, and is the particular error complained of.

From the special findings of fact by the jury, it appears that on or about the 25th day of March, 1889, at about 9 : 45 P. M., plaintiff below, Dr. David T. Brown, entered a car of the plaintiff in error at Atchison to be transported thence to Nortonville as a passenger, having in his possession at the time a ticket which he in good faith believed entitled him to such transportation, and, when called upon by the conductor, he offered said ticket for his fare, but as a matter of fact said ticket was not one entitling him

to such transportation, and he was so informed by
the conductor. Neither did the defendant in error
produce and present a ticket from Atchison to any
station upon the plaintiff in error's railroad line, but
the ticket so offered showed on its face that the holder
was entitled to transportation over another and inde-
pendent line of railroad from Atchison to Effingham.
The conductor then demanded of the defendant in
error the regular fare from Atchison to Nortonville,
which was 50 cents, but he refused to make such pay-
ment, although he was financially able, and had suffi-
cient funds with him at the time to have done so. He
was then notified by the conductor that he must either
pay his fare or get off the train; that, unless he made
such payment, he would be compelled to stop the train
and put him off. The defendant in error then informed
the conductor that if he got him off he would have to
put him off. The train was then brought to a full
stop, after which the conductor again requested him
to pay his fare or get off the train without requiring
force to be used, and informed him that he did not
want to be compelled to lay hands upon him. The
defendant in error still refusing to leave the train, the
conductor then lifted him out of his seat and pushed
him along the aisle to the door of the car, and while
so doing nothing was said to the plaintiff other than
request him to get off without inviting the use of force.
The defendant in error refused to move himself of his
own volition, or to go, except as he was moved along
by the conductor or brakeman, or both. He refused
to walk off the platform and down the steps in the
ordinary way of getting off the car, and the conductor
pushed him from the platform, a distance of from
three to four feet, to the ground, and he alighted on
his feet and sank down to the ground. The brakeman

took hold of his right arm and offered to help him up to his feet, but the defendant ordered him to let him alone and declined any assistance. The signal was then given to the engineer by the brakeman as directed by the conductor and the train was started on its course. Said removal from the train occurred about one-half mile from the limits of the city of Atchison. The weather was moderately fair and the defendant in error walked back to the city that night. Doctor Linley, of Atchison, was called to see him a few days thereafter and pronounced his ailment of a temporary character. Neither the conductor nor the brakeman in removing him from the train had any motive in so doing other than to obey the rules and regulations made for them to follow in such cases.

No complaint is urged, save in the manner of defendant in error's ejection from the platform of the car. The jury found that the conductor pushed him from the platform without notice or warning of his intention to do so, or without regard or care as to whether or not he would be injured, and in so doing used more force than was necessary, but how much less force than was used would have accomplished the end desired does not appear. It further appears, that at the time of said ejection the defendant in error had in arms and hands a basket of flowers, a bandbox, a valise, and a hat; yet the findings show that the momentum which he received by being so pushed was not sufficient to cause him to plunge forward when he alighted on his feet, but, instead thereof, he sank down to the ground; and this fact, coupled with the finding that neither the conductor nor brakeman had any malice toward the defendant in error, would negative the idea that any great amount of force was used, or in fact that much, if any, more force was

used than was absolutely necessary to cause his removal from the platform of the car.    As was said by Hammond, J., in *Hall v. Railroad Co.*, 15 Fed. Rep. 57 :

"The courts will not, where the passenger is in the wrong, tolerate any nice discrimination about the force necessary to secure submission to the conductor's lawful authority and overcome the resistance, unless it may be where the conductor departs from the exercise of lawful force, and beats, wounds or maltreats the resisting passenger in the ill temper of belligerency. . . . A resisting passenger cannot expect the courts to erect delicate scales on which to weigh with exact nicety the force used to overcome his resistance."

It is difficult to ascertain from the findings of fact the precise nature of the injury received by the plaintiff below.    The jury found that he was made "some sick, lame and sore" by being pushed from the platform, and that a few days thereafter he passed bloody urine, which would indicate that the injuries were occasioned by the jar produced when his feet came in contact with the ground after being pushed from the platform, a distance of from three to four feet; but whatever injury he may have sustained was of a temporary nature, and so slight that the jury declined to make any allowance for injury to his person or for loss of time.

When the plaintiff below ascertained that the ticket held by him did not entitle him to transportation over defendant's railroad, it was his duty, upon request of the conductor, either to pay his fare or voluntarily leave the train after it had stopped at a suitable place for that purpose, and when he refused so to do he became a trespasser, and the conductor might lawfully eject him from the train.    The injuries sustained by him were occasioned by his refusal to comply with the repeated requests, lawfully made

39—2 APP.

by the conductor, that he pay his fare or leave the train without requiring the use of force. The train was stopped from three to five minutes for the purpose of removing him therefrom — surely ample time to have enabled him to alight with absolute safety ; but the conductor was forced to lift him from his seat and push him along the aisle, out on the platform ; and when they arrived on the platform he refused to walk down the steps in the ordinary way of getting off the car. He seemed utterly indifferent as to whether or not he would receive any injury from the exercise of that force which he was inviting to cause his ejection, and probably entertained the erroneous idea that in order to recover damages from the railroad company it was necessary for him at least to passively resist being ejected, and that, if personal injury resulted therefrom, even by the exercise of ordinary care on the part of the employees of the railroad company, his claim for damages would be correspondingly increased. In *A. T. & S. F. Rld. Co. v. Gants*, 38 Kan. 608, our supreme court held that if a person is a trespasser on the train, the conductor has a right to eject him, and that the railroad company can only be made responsible for the injuries inflicted which are wilful, wanton, or malicious. The jury in this case found that the conductor did not push the defendant in error from the platform wilfully or maliciously, but that he did so wantonly. The facts as disclosed by the other findings of the jury as above outlined sustain this general finding that such act was not done wilfully or maliciously, but do not in our judgment sustain the general verdict in favor of the plaintiff below, and they virtually negative the general finding that the conductor pushed the defendant in error from the platform wantonly ; hence we do not

hesitate to characterize such finding as merely a general conclusion, incorrectly drawn by the jury from the other more specific findings of fact; and, under the rule laid down in *A. T. & S. F. Rld. Co. v. Plunkett*, 25 Kan. 188, such general finding or conclusion may be wholly ignored. With this eliminated, the plaintiff in error was entitled to judgment on the special findings of fact, the general verdict to the contrary notwithstanding, and the court below erred in overruling its motion for such judgment.

Because of such error the judgment of the court below will be reversed, and the cause remanded with directions to enter judgment upon the special findings of fact in favor of the defendant in that court.

All the Judges concurring.