JAMES DONAHOE AND MARY DONAHOE V. J. W. MITCHEM.

(Filed September 10, 1903.)

1. PRACTICE—Failure to Pay Cost. Where an action was properly commenced and pending before a justice of the peace, and upon application the justice ordered the venue changed to the probate court, and that the plaintiff pay the costs, and upon the failure thereof dismissed the action, and the probate court upon motion dismissed the action for want of jurisdiction, and the files and papers were transmitted back to the justice of the peace, where upon the plaintiff filed an amended complaint, caused summons to issue as in the commencement of \the action, the defendant appeared, trial was had, judgment rendered adverse to the defendant, an appeal was prosecuted by him to the district court, the orders made dismissing the action for failure to pay the costs and transmitting the same to the probate court could in no way affect the rights of the plaintiff, and the action upon the filing of the amended complaint and the issuance of the summons thereon, then stood as if originally commenced before the justice at that time.

2. DETAINER—Action of not Barred, When. Where a tenant leases lots from his landlord without any definite time being fixed for the expiration of the lease, and agrees to pay a specified sum per month to be paid monthly, and the tenant continues in possession for over two years, with the consent of his landlord, and fails to pay rent as agreed, and the landlord sells the lots and the purchaser gives notice to quit, an action of unlawful detainer is not barred because of such possession by the tenant with the consent of the landlord for over two years.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*Baldwin & Marsh,* for plaintiffs in error.

*Blake, Blake & Beeks* and *John Livingston,* for defendant in error.

### STATEMENT OF FACTS.

An action by J. W. Mitchem against James Donahoe and Mary Donahoe in the district court of Canadian county for the possession of lots 13 and 14, block 78, in the city of El Reno; judgment for Mitchem; defendant in error brings case here by petition in error for review.

Opinion of the court by

BEAUCHAMP, J.: This was an action of unlawful detainer, commenced by J. W. Mitchem against James Donahoe and Mary Donahoe, to obtain restitution of lots 13 and 14, block 78, in the city of El Reno, before H. A. Franklin, justice of the peace in and for the city of El Reno. On application the venue was changed, and transcript duly certified to J. D. Connolly, the next nearest justice qualified to try the cause. Afterwards the plaintiff filed his affidavit and application for change of venue from the justice, J. D. Connolly, which was granted, and an order made changing the venue to the probate court of Canadian county conditioned upon payment of the costs. Afterwards the costs of the change not having been made nor offered to pay the same, or judgment confessed therefor within the time allowed by the justice, the cause was by Justice Connolly dismissed. On the 1st day of January, 1901, more than ten days after the order dismissing the cause, Justice of the Peace Connolly's term of office having expired, he was succeeded by T. J. Mitts, who, after assuming

the duties of the office as successor to J. D. Connolly, justice of the peace, on the 28th day of January, 1901, sent the files in this case to the probate court of Canadian county, and on the same day, the defendant filed a motion in the probate court to dismiss the said cause for want of jurisdiction; and on the 30th day of April, 1901, the probate court entered an order transmitting the files back to T. J. Mitts, justice of the the peace. Afterwards, on the 1st day of May, 1901, the plaintiff appeared before Mitts, justice of the peace, withdrew his application for change of venue, and filed his amended complaint, and thereupon a summons was issued directed to the defendants, and returnable on May 6, 1901, at 1 o'clock p. m. May 6th defendants appeared and filed a motion to require the plaintiff to give additional bond, which motion was by the justice overruled, and thereupon the defendants moved to dismiss the cause for the reason that the same was improperly on the docket, the cause having been before dismissed, and because the court had no jurisdiction of the action, as the costs were not paid, which was also overruled by the justice. Trial was had, and judgment for the plaintiff for the possession and restitution of the premises. Appeal was taken by the defendant, plaintiff in error, to the district court of Canadian county. Thereafter on December 11, 1901, the defendants, plaintiffs in error, in the district court, moved to dismiss the cause for the reason that the district court had no jurisdiction to hear and determine the same on appeal, which was by the court overruled. Trial was had in the district court before the court and jury, and upon the conclusion of the evidence, the court instructed the jury peremptorily to find for the plaintiff. Verdict and judgment for plaintiff for the recovery of the immediate

possession of the property and costs. Motion for new trial filed and overruled. The cause is brought here by the defendant, plaintiff in error, upon petition in error for review.

The plaintiff in error contends, first, that the order of the justice of the peace, Connolly, dismissing the action was a final order; that the same was never appealed from and never vacated, modified or set aside; that jurisdiction was wholly lost, and trial thereof before Justice of the Peace Mitts was a nullity; and that the order of the district court overruling the motion of plaintiff in error to dismiss the cause was error. It seems to us only necessary to examine the record as to the facts for a complete answer to this contention of plaintiff in error. As disclosed by the record, justice of the peace Connolly made a conditional order changing the venue from his court to the probate court of Canadian county, conditioned upon the payment of the costs. When the transcript and papers were filed in the probate court, the plaintiffs in error appeared, made their motion to dismiss for want of jurisdiction, and the probate court very properly held that it had not jurisdiction, and ordered the record certified back to the justice, after which the defendant in error, as will be observed from the statement of facts above, appeared before the justice, filed an amended complaint, and caused a summons to be issued as in the commencement of an action. Thereupon the plaintiff in error appeared before the justice, moved for an additional bond, filed an amended answer, and proceeded to the trial of the cause, and after defeat appealed to the district court. The justice of the peace before whom the cause was properly pending did not lose jurisdiction by reason of the order changing the venue,

and the orders made dismissing the action and transmitting the same to the probate court could not in any way affect the rights of the plaintiff below, defendant in error, but after the files had been transmitted back from the probate court to the justice, the plaintiff treated the action as if then originally filed, and a summons was issued thereon as in the commencement of the action, and the cause then stood as if originally commenced before that justice and at that time. The order of the district judge overruling the motion to dismiss was right.

It would seem from the brief of counsel for plaintiffs in error that this is the only assignment of error upon which he relies for a reversal of this cause; but in his brief he has asked permission to call our attention to the question of the statute of limitations raised by their answer, and in his argument contends that the plaintiffs in error having occupied the premises for more than two years after the action was originally commenced, the statute of limitations had run, and the plaintiffs could not maintain this action under sub-section 5 of section 4214. Wilson's Annotated Statutes, 1903. The facts as disclosed by the record with reference to this point are: As shown by the deeds introduced in evidence by the defendant in error, the lots in question were conveyed by the government townsite trustees to John L. Marshall; from John L. Marshall and wife to William T. Darlington; from Wm. T. Darlington to Chas. Harmon, and from Chas. Harmon to the defendant in error, J. W. Mitchem, who now claims to be the owner and entitled to the possession, which last named deed bears date October 22, 1900. This action was commenced October 30, 1900. Plaintiffs in error claim to have purchased the property from

Darlington while the title remained in him by oral contract, for the sum of $75 and immediately went into possession thereof, and had paid on the purchase price in part payment from time to time $60, leaving a balance due on the purchase price of $15. They had continued in possession for more than two years. Darlington testified that he never made any contract for the sale of the property to the plaintiffs in error, or for the purchase of the same by them, but that he had leased and rented the property to the plaintiffs in error for $3 per month, and that they occupied the same as tenants, and that they agreed to pay $3 per month, but had only paid one month's rent. Notice to quit and deliver the possession was served upon plaintiffs in error by the defendant in error October 24, 1900. As will be seen under the contention of defendant in error, the plaintiffs in error occupied the premises only as tenants, without any definite time being fixed for the expiration of the tenancy, and agreed to pay rent at the sum of $3 per month; and the evidence was sufficient to warrant the trial court in so finding.

Where a tenant leases lots from his landlord without any definite time being fixed for the expiration of the lease, and agrees to pay a specified sum per month to be paid monthly, and the tenant continues in possession of the premises for over two years with the consent of his landlord and fails to pay rent as agreed and his landlord sells the lots and the purchaser decides that he wants the possession of the premises, and gives the tenant a formal notice to quit, an action of unlawful detainer is not barred because of such possession by the tenant with the consent of the landlord for over two years. (*Marion v. Marion,* 54 Kans. 270; *Shy v. Brockhause,* 7 Okla. 35.)

The judgment of the district court is affirmed, with costs to plaintiffs in error.

Irwin, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.