W. B. PENROSE, *Appellee,* v. S. W. COOPER et al. (S. W. COOPER, *Appellant*).

No. 17,215.

### OPINION ON REHEARING.

#### SYLLABUS BY THE COURT.

PURCHASER—*Notice—Unrecorded Deed—Due Diligence.* Before filing an action in ejectment plaintiff, without actual notice of an unrecorded deed, inquired of the tenant on the premises and learned the name of the person to whom the tenant paid rent. Relying upon his knowledge that the same person had acted as the attorney for the record title-holder and had been until a few days before renting the premises as agent for the record owner, he made no further inquiry. It did not appear that further inquiry of the tenant would have disclosed the existence of the unrecorded deed or the claim of the grantee therein. Upon these uncontroverted facts it became a question of law whether he exercised due diligence; and upon the facts as stated it is held that he was not bound to make further inquiry.

Appeal from Sedgwick district court. Opinion on rehearing filed December 7, 1912. Reversed. (For original opinion, see 86 Kan. 597, 121 Pac. 1103.)

*J. A. Brubacher, J. A. Conly,* and *Stanley, Vermilion & Evans,* all of Wichita, for the appellant.

*S. W. Shattuck, jr.,* of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J.: A rehearing was granted in this case and the only point reargued is this: Upon the facts found by the jury was it a question of law to be determined by the court, or one of fact for the jury, whether the appellant exercised due diligence? The sixth paragraph of the syllabus of the former opinion reads:

"The plaintiff, who occupied the relation of a purchaser without actual knowledge of an unrecorded deed, inquired of the tenant and learned the name of the agent to whom the tenant paid rent. Relying upon his knowledge of the fact that the same person had been, until a short time before that, managing the property as agent for the record owner of the title, he failed to make any inquiry of the agent to learn the name of the owner. Upon these facts, it is held that the question whether he acted with due diligence was one for the jury to determine, and not of law for the court." (*Penrose v. Cooper,* 86 Kan. 597, 121 Pac. 1103.)

The facts are fully stated in the opinion in the former hearing. So far as pertinent to the question here they are as follows: S. W. Shattuck, jr., was the attorney and agent for the Anthony Investment Company, which was in possession under a tax title. Shattuck had appeared as its attorney in a former ejectment suit brought by Cooper, which was dismissed by the plaintiff without prejudice October 1, 1901. The next day the investment company made a quitclaim deed to W. B. Penrose, a son-in-law of the president of the company. From March, 1901, Shattuck had been in charge of the property as agent for the company, securing tenants and collecting the rents. After the execution of the quitclaim deed to Penrose he contin-

ued in charge of the property in precisely the same. way, but held a paper signed by Penrose authorizing him to represent Penrose under the direction of the president of the investment company. The tax deed would become five years old on December 7, 1901. Cooper, desiring to begin another action before that date, went to the property about December 1 for the purpose of ascertaining what interest, if any, the tenants occupying the place had or claimed, in order that he might make every person known to be interested a defendant. He inquired of the tenants and was informed by them that they paid rent to S. W. Shattuck, jr. He knew that the latter had been representing the investment company which held the record title, both as attorney and as agent in charge of the property. Cooper, with knowledge of these facts and with no actual notice or knowledge of the existence of the quitclaim deed to Penrose, which had been withheld from record, made no further inquiry. There is no evidence nor finding to show that if he had made any further inquiry of the tenants he would have learned the true state of the title. The jury, in answer to special questions, have found that Cooper had no actual notice of the outstanding deed; also that in their opinion he did not exercise due diligence to ascertain whether or not any other person had or claimed an interest in the property. They have found, however, every fact from which they have drawn the conclusion that he failed to exercise due diligence, and it may be said that the evidence fails to disclose any other fact or circumstance putting the appellant upon inquiry or notice of the existence of the deed to Penrose or that Penrose had claimed any interest.

The recording act (Gen. Stat. 1909, § 1672) provides that conveyances of real estate not filed for record shall be void except as between the parties thereto and such persons as have actual notice there-

Penrose v. Cooper.

of. In the recent case of *Faris v. Finnup*, 84 Kan. 122,. 113 Pac. 407, it was ruled as follows:

"Under the statute providing that no conveyance of real estate shall be valid, except as between the parties and as to those who have actual notice, until it is deposited for record (Gen. Stat. 1909, § 1672), actual notice may be express, when it consists of knowledge actually brought personally home, or it may be implied, when it consists of knowledge of facts so informing that a reasonably cautious person would be led by them to the ultimate fact. In the latter case, the known facts must be sufficiently specific to impose the duty to investigate further, and they must furnish a natural clue to the ultimate fact." (Syl. ¶ 1.)

Where due diligence is a mixed question of law and fact it is beyond any doubt one for determination of the jury.

"The question of actual notice is one of fact for the jury, but whether constructive notice is imputable to a party from particular facts is a question of law for the court, especially where the facts are not controverted." (29 Cyc. 1126.)

In *C. B. U. P. Rld. Co. v. Henigh, Adm'r*, 23 Kan. 347, 33 Am. Rep. 167, it was held that where the jury stated the facts in detail and made a general finding that the defendant was guilty of negligence the latter amounted to nothing more than a conclusion from the detailed facts and that the detailed facts govern. In the opinion Valentine, J., speaking for the court, said: "Generally, when the facts are established, it is a question of law for the court to determine whether they constitute negligence, or not, and generally, when the jury find the facts in detail, they can not then say, in general terms and conclusively, that such facts constitute negligence, unless they in fact do constitute negligence." (p. 359.) And for the reason that this court held there was no culpable negligence shown by the facts as found, the judgment was reversed and judgment ordered in defendants' favor. The case

has been followed and approved in numerous instances. (*A. T. & S. F. Rld. Co. v. Plaskett*, 47 Kan. 112, 115, 27 Pac. 824; *A. T. & S. F. Rld. Co. v. Brown*, 2 Kan. App. 604, 42 Pac. 588, 2 Am. & Eng. Rld. Cas., n. s., 113; *Railway Co. v. Laughlin*, 73 Kan. 567, 85 Pac. 597.) The same principle had previously been declared in *A. T. & S. F. Rld. Co. v. Plunkett, Adm'r*, 25 Kan. 188.

Applying the doctrine of *Faris v. Finnup*, supra, can it be said here that the known facts were such as to impose upon Cooper the duty to investigate further, and were they such facts as must have furnished a natural clue to the ultimate fact, the existence of the Penrose deed? It is elementary that the presumption of actual notice arising from circumstances may be rebutted by the person sought to be charged. Thus in *Chadwick v. Clapp*, 69 Ill. 119, it was held:

"Where circumstances are brought directly home to the knowledge of a purchaser, sufficient to put him upon inquiry, and thus amount to notice, he will be entitled to rebut the presumption of notice which would otherwise arise, by showing the existence of other and attendant circumstances of a nature to allay his suspicions, and lead him to suppose the inquiry was not necessary.

"Where the circumstances relied on as sufficient to charge a party with notice, by requiring him to make inquiry, may be equally as well referred to a different matter or claim, as to the one he is sought to be chargeable with notice of, they will not be sufficient." (Syl. ¶¶ 2, 3.)

The same doctrine, expressly declared by this court in *Faris v. Finnup*, supra, and by the Illinois court in the opinion above quoted, was stated by the court in *Cook v. Travis*, 20 N. Y. 400, where it was said:

"It is quite true, generally, that the law regards the actual occupancy of land as equivalent to notice to all persons dealing with the title, of the claim of the occupant. But this is not an absolute proposition which is to be taken as true in all possible relations. The circumstances known may be such that the occupancy

Penrose v. Cooper.

will not suggest to a purchaser an inquiry into the title or claim under which it may be held; and when the inquiry may be omitted in good faith, and in the exercise of ordinary prudence, no one is bound to make it. Possession out of the vendor and actually in another person only suggests an inquiry into the claim of the latter. Ordinarily that inquiry should be made, because it evinces bad faith or gross neglect not to make it. But the question in such cases is one of actual notice, and such notice will be imputed to a purchaser only where it is a reasonable and just inference from the visible facts." (p. 402.)

And so it was ruled in *Fargason v. Edrington,* 49 Ark. 207, 4 S. W. 763, that when inquiry is made resulting in information that the possession is held by one who has placed upon record the evidence of his right to occupy, inquiry is arrested at that point. To the same effect, see *Woods v. Farmere,* (Pa.) 7 Watts, 382, 32 Am. Dec. 772; *Knox v. Thompson,* 11 Ky. 351, 13 Am. Dec. 247; Wade on Notice, 2d ed., §§ 297, 298. In the last two cases cited it was held in substance that where anything appears of record to justify the possession the latter will not be evidence of anything further. In the case of *Smith v. Yule,* 31 Cal. 180, 89 Am. Dec. 167, it was held that where the tenant is in possession and the purchaser makes due inquiry of the tenant, which fails to disclose the fact of tenancy, the purchaser is not chargeable with notice thereof. To the same general effect, see *Thompson v. Pioche,* 44 Cal. 508.

In the case at bar the jury have found as a fact that Cooper had no actual notice, and have likewise found just what he did to ascertain the fact, and yet, because they have also said that they do not think that Cooper exercised due diligence, we are are asked to stultify ourselves by declaring that the question of due diligence, which is no longer a mixed question of law and of fact but one of law arising upon known facts about which there is and can be no controversy, is foreclosed.

As well might it be said that if they had found that Cooper inquired of the tenants the name of the owner for whom Shattuck was then acting as agent and had failed to learn the truth, he had nevertheless failed to exercise due diligence because he had not inquired of Shattuck to learn if the latter was still acting for the record title-holder as he had been until a few weeks previous.

"To say that he was put upon enquiry, and that, having made all due investigation without obtaining any knowledge of title, he was still chargeable with notice of a deed, if one did really exist, would be absurd." (*Rogers v. Jones*, 8 N. H. 264, 269.)

Here the particular claim by which Shattuck had exercised control over the possession was notorious, and in the opinion of a majority of the court was sufficient as matter of law to account for the possession of the tenants who were found there and from whom Cooper inquired, and it can not be said that due diligence required him to speculate as to the possible existence of some other claim under which the same person may be in fact exercising control and agency. There was no apparent change in the possession or in the character of Shattuck's agency. Upon inquiry the tenants themselves informed Cooper that they paid rent to one whom he had reason to believe was still the agent of the investment company. It would have required the exercise of extraordinary diligence to suspect a possible change in the ownership or agency within the few weeks' time that had intervened.

Under the facts found by the jury and absolutely undisputed it became a question of law for the court to determine whether actual notice of the unrecorded deed was imputed to Cooper by reason of the failure to make further inquiry.

In *Claflin et al. v. Lenheim*, 66 N. Y. 301, the court submitted to the jury the question whether the circumstances, which were undisputed, were sufficient to

charge the appellant with constructive notice of agency, the judgment was reversed, and it was held that, the facts being undisputed, the question was one of law for the court, and as matters of law the facts and circumstances were insufficient to constitute constructive notice. In the opinion it was said:

"Constructive notice is a legal inference from established facts, and when the facts are not controverted the question is one for the court. Whether, under a conceded state of facts, the law will impute notice is not a question for the jury. (*Birdsall v. Russell,* 29 N. Y. 220, 249.)" (p. 306.)

"Possession may in some cases be evidence of a claim; but when a particular claim is notorious and is sufficient to account for a possession, no one is called on to speculate as to the existence of some other claim." (*Lincoln v. Thompson,* 75 Mo. 613, syl. ¶ 3.)

Numerous cases might be cited in support of the doctrine that where a change of title occurs and the tenant in possession under the former owner remains in possession and attorns to the new landlord who fails to record his deed, a purchaser from the former landlord is under no duty to inquire of the tenant as to who his landlord is. As a matter of law he is not charged with notice of any change of title, and we suppose that the rule of law would not be altered by the finding of a jury to the effect that he should have made inquiry. In *Bynum v. Gold,* 106 Ala. 427, 17 South. 667, it was ruled:

"The fact that a third person was in possession of land at the time of defendant's purchase, is not sufficient to charge the latter with notice of a prior unrecorded deed to plaintiff, and that such person had attorned to him, when defendant knew such person went into possession as tenant of the grantor." (Headnote, ¶ 4, 17 South. 667.)

The case of *Harvester Co. v. Myers,* 86 Kan. 497, 121 Pac. 500, is distinguishable from the present case. There the mortgagee, before accepting the mortgage,

made no inquiry of the persons who were actually in possession of the premises, but he inquired of the mortgagor as to the possession. The latter held the record title and informed him that no one lived on the place, but that the two brothers were farming it. They were, in fact, in possession, claiming a two-thirds interest in the land. Their possession was notice which put him upon inquiry. He might as well have relied upon the record and ignored the fact of possession. In the present case the inquiry was made of those persons found in the occupancy of the premises. Possession speaks for itself to the extent of placing upon the purchaser or person about to deal with the property the duty to inquire of the one in possession—not to inquire of the person holding the record title.

It follows, therefore, that the judgment must be reversed and the cause remanded with directions to enter judgment in favor of appellant.

JOHNSTON, C. J. (dissenting) : Under the facts and circumstances of the case the question whether the appellant acted with due diligence in making inquiry as to the possession and ownership of the property was, in my opinion, one of fact for the determination of the jury, and hence I adhere to the opinion and judgment first rendered. (*Penrose v. Cooper*, 86 Kan. 597, 121 Pac. 1103.)

MASON and BENSON, J. J., concur in the dissent.