No. 22,878.

THE GARDEN CITY DEVELOPMENT COMPANY, *Appellee*, v. LEE RICHARDSON, as Sheriff, etc., *Appellant*.

#### SYLLABUS BY THE COURT.

LIENS—*Priorities—Innocent Holder of Legal Title—Judgment Creditor of Holder of Equitable Title.* One who purchases real estate from the holder of the legal title, for value and without notice that another is the equitable owner, takes the land free from the lien of a judgment on the equitable owner's interest.

Appeal from Finney district court; DANIEL A. BANTA, judge *pro tem.* Opinion filed January 8, 1921. Affirmed.

*H. O. Trinkle,* of Garden City, for the appellant.

*F. Dumont Smith,* of Hutchinson, *R. W. Hoskinson,* and *R. S. Field,* both of Garden City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin the defendant from selling land under an execution. The plaintiff prevailed, and the defendant appeals.

In February, 1907, B. M. McCue purchased the land in controversy from Charles H. Lange, who conveyed to McCue by warranty deed, and took from McCue a mortgage for part of the purchase money. In March of the same year, McCue conveyed to Dan Carey. Lange foreclosed his mortgage, making McCue and Carey parties to the action, and on April 7, 1913, Lange purchased the land at the foreclosure sale. In October, 1914, Lange assigned the certificate of purchase to W. M. Kinnison, to whom a sheriff's deed was issued on November 4, 1914. The sheriff's deed was duly recorded, and the record title stood in Kinnison until in June, 1916, except that on February 1, 1915, Kinnison conveyed to E. R. McCue, who reconveyed to Kinnison on the same day, and except for a tax deed issued in 1915 from which Kinnison redeemed. On June 12, 1916, Lange quitclaimed to Kinnison, in confirmation of the assignment of the certificate of purchase. On June 28, 1916, Kinnison conveyed to the plaintiff, who was a purchaser for value without notice. After Lange had purchased the land at

the foreclosure sale, C. L. Sedbrook obtained a judgment against B. M. McCue, on which the execution in the defendant's hands was issued. Kinnison obtained the assignment of the certificate of purchase and took out the sheriff's deed at B. M. McCue's request and for his benefit, the understanding being that Kinnison was to hold the legal title until the land could be sold to advantage, when he should be paid the amount he had advanced, with interest at eight per cent.

The defendant asserts that, although Kinnison held the legal title to the land, he did so virtually as McCue's mortgagee, that the lien of the Sedbrook judgment attached to McCue's interest, and that nothing has occurred to defeat the lien. These propositions may be conceded, except the last. The sale by Kinnison to a purchaser for value without notice gave the purchaser the stronger equity. The principle involved was applied in the case of *Kirkwood v. Koester* 11 Kan. 471. In that case the vendee of land performed the condition of a contract of sale, and so became equitable owner, while the vendor still held the record title. A judgment was rendered against the equitable owner, and execution was issued, but not levied. The holder of the legal title then conveyed the land to a purchaser who gave notes secured by mortgage for part of the purchase money. The notes were transferred to an innocent holder, and in an action to foreclose the mortgage, the question was whether or not the judgment was a superior lien. The syllabus reads as follows:

"A judgment duly recovered, and entered in the district court, is a lien on all the right, title, interest and equity of the judgment-debtor in any lands claimed by him (other than the homestead), without regard to where or in whom is the legal title.

"But a mortgage on lands given by the holder of the legal title thereto to secure the payment of the negotiable promissory notes of the mortgagor, where said notes are transferred before due to innocent and *bona fide* purchasers thereof, constitutes a stronger lien on said lands in favor of such innocent and *bona fide* purchasers than the lien created in favor of a judgment-creditor by reason of a judgment recovered and entered against the owner of a mere equitable interest in said lands, and is prior in right to such judgment-lien, and to any title or right acquired under such judgment." (*Kirkwood v. Koester,* 11 Kan. 471, syl. ¶¶ 1, 2.)

The principle was again recognized in the case of *Jones v. Lapham,* 15 Kan. 540, the syllabus of which reads:

· "While in a contest between a lien upon an equitable interest and one upon a full legal title, the latter, though subsequent in time, may be preferred to the former, if the holder thereof be an innocent and *bona fide* holder without notice, yet it will not be so preferred, if he at the time of obtaining his lien had full knowledge of the outstanding equity and the prior lien." (¶ 4.)

In the case of *Hultz v. Zollars*, 39 Iowa, 589, the syllabus reads:

"A judgment is not a lien upon an equitable interest in real estate in such a sense as to charge or affect a subsequent *bona fide* purchaser without notice." (¶ 2.)

While Kinnison held the legal title, the land was in possession of B. M. McCue's son, E. R. McCue. The defendant says possession by E. R. McCue was sufficient to put the purchaser from Kinnison on inquiry, and inquiry would have disclosed B. M. McCue's equitable title. There was no evidence that E. R. McCue knew what the relations between B. M. McCue and Kinnison were. Besides that, possession by another than the vendor merely suggested inquiry with respect to the occupant's claims, and failure to inquire jeopardized the purchase with respect to no interests except those which were protected by the notice which possession afforded. (See *Penrose v. Cooper*, 88 Kan. 210, 128 Pac. 362.)

B. M. McCue negotiated the sale to the plaintiff. That fact alone was not enough to charge the plaintiff with notice that Kinnison did not own the land, and the finding that the plaintiff was an innocent purchaser was sustained by the evidence.

The judgment of the district court is affirmed.