Jenness v. Jenness.

No. 23,920.

I. H. JENNESS, *Appellee,* v. H. C. JENNESS et al., *Appellants.*

SYLLABUS BY THE COURT.

1. CONVEYANCE — *Unrecorded Lease — Lessee in Possession — Notice to Purchaser.* The evidence is held to support a finding that the grantee in a warranty deed was not chargeable with notice of the existence of an unrecorded lease from the grantor covering a part of two rooms in a building on the property conveyed, although the lessee was occupying them at the time the deed was given.

2. SAME—*Transactions Establishing Relation of Landlord and Tenant.* Where the lessee under an unrecorded lease of a portion of two rooms is in possession of them when the lessor makes a warranty deed for the building containing the leased area, but enters into a contract with the grantee to continue in the occupancy of the rooms and to look after other rooms in the building in consideration thereof, the relation of landlord and tenant is established, and where the grantee later seeks possession by a proceeding under the forcible entry and detainer statute the occupant cannot set up an independent title under the lease.

3. SAME—*Forcible Entry and Detainer—Statute of Limitations.* Where a tenant under an agreement to render services in consideration of the use of the property, no time of termination of the arrangement being fixed, ceases to perform them because the occasion for them no longer exists, his continued occupancy without objection by the landlord does not set in operation the statute of limitations against an action by the landlord under the forcible entry and detainer act.

Appeal from Crawford district court, division No. 2; GEORGE F. BEEZLEY, judge. Opinion filed October 7, 1922. Affirmed.

*John P. Curran,* and *Elsie Clark,* both of Pittsburg, for the appellants.
*P. Louis Zickgraf,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

MASON, J.:  I. H. Jenness obtained a judgment under the forcible entry and detainer statute against H. C. Jenness and wife, who appeal. H. C. Jenness is the plaintiff's son, and will be spoken of as the defendant, the claim to a right of possession being made by him.

The property involved is a part of a three-story building occupying two lots (that on the east being numbered 1 and that on the west 2) having stairways half on one lot and half on the other between the first and second and the second and third floors. On the second floor, and on the third as well, there is a room directly

over the stairway, half of which is on one lot and half on the other. The controversy is over the right of possession of the east half of each of these two rooms—the part of each room situated on lot 1.

In 1911 the plaintiff owned the building. He and his wife were divorced and lot 1 was set apart to her. In February, 1912, she executed to the defendant a fifty-year lease covering so much of the two rooms referred to as are upon lot 1 (the property in controversy), but the lease was not recorded. In 1914 the plaintiff and his former wife were remarried and she executed to him a full warranty deed in the usual form covering the whole of lot 1. An arrangement was shortly made between the plaintiff and the defendant that the latter should look after other portions of the property in consideration of the use of the two rooms already referred to. About May 1, 1920, the plaintiff demanded possession of the part of the rooms in controversy, and upon refusal brought this action.

The defendant claims a right of occupancy under the fifty-year lease, contending that under the undisputed evidence the omission to record it is immaterial because he had such possession at the time lot 1 was reconveyed as to charge the plaintiff with notice of his title. The plaintiff denies that the defendant's occupancy was of that character, and asserts that in any event by the agreement between them the defendant became his tenant, recognized his ownership, and is not in a position to claim an adverse possessory right.

The evidence tended to prove these facts: The plaintiff had no actual knowledge of the lease until after this proceeding was begun. After the property was divided between the plaintiff and his wife the doors connecting the rooms referred to with his side of the building were closed and they were used in connection with the part of the building on lot 1, being occupied, when that lot was reconveyed to the plaintiff, by the defendant, who was taking care of the other parts of the building for his mother, the plaintiff being aware of this situation. When the plaintiff told the defendant that lot 1 had been deeded back to him the defendant did not tell him about the lease, or about any claims under which he had possession of the rooms, nor did he do so at any time prior to the beginning of this action. After lot 1 was reconveyed to the plaintiff he and the defendant entered into an agreement that the defendant was to take care of all the rooms on the second and third floors for the use of the two rooms of which the space in controversy is a part, and the agreement was acted upon for some five months, after

which the plaintiff looked after the building himself, the defendant continuing to occupy the rooms.

1. The defendant testified that at about the time lot 1 was reconveyed he told his father that he had possession of the rooms and had arrangements with his mother in regard to them. If necessary to sustain the judgment, which was based on a general finding in favor of the plaintiff, it would have to be assumed that the court did not credit the testimony. Apart from that consideration, in view of the peculiar situation presented we think the evidence did not require a finding that the occupancy of the two rooms by the plaintiff while his mother was the owner of lot 1 gave the plaintiff notice of an independent claim on his part to any portion of them, the appearances being entirely consistent with his holding under his mother's right. Possibly the evidence required (under the authority of *Penrose v. Cooper,* 88 Kan. 210, 128 Pac. 362) a decision as a matter of law that the plaintiff exercised due diligence with respect to learning the character of the defendant's occupancy; but if not it at least presented a fair question of fact in that regard for the determination of the trial court, as was held in the original decision to be the situation in the case cited. (*Id.,* 86 Kan. 597, 121 Pac. 1103.)

2. Moreover, the evidence justified a finding that the defendant became the plaintiff's tenant under an agreement by which he was to have the use of the two rooms which included the area for the possession of which the action is brought, in consideration of his caring for other portions of the building, and that by reason thereof he cannot be heard to assert an adverse title. The rule that a tenant may not deny his landlord's title is peculiarly applicable in a summary action for possession. (24 Cyc. 942.) We accept the majority view that the fact that the tenant is in possession of the premises at the time his tenancy is created does not affect his disability in this regard (24 Cyc. 938; 16 R. C. L. 659-660), notwithstanding some courts have held to the contrary, usually under exceptional conditions, not here present. (16 R. C. L. 661.)

3. The defendant urges that the action has been barred by the two-year statute of limitations (Gen. Stat. 1915, § 6905, subdiv. 5), a question, however, which the plaintiff asserts was not raised in the district court. The relation of landlord and tenant having been established, the defendant holding under contract with the plaintiff,

and having disclosed no claim of his own, his mere continued occupancy, although the services he was to render had ceased, did not put the statute in operation. (*Moran v. Moran*, 54 Kan. 270, 38 Pac. 268; *Donahoe v. Mitchem*, 13 Okla. 383; 26 C. J. 844.) Such occupancy of the rooms by the defendant without objection by the plaintiff and without any demand on his part for possession did not start the running of the statute.

The judgment is affirmed.